**James Edward CLAYTON, Plaintiff-Appellant,**

v.

**Peter A. DOUGLAS, Warden, Lexington Assessment and Reception Center, Defendant-Appellee.**

No. 81–1524.

United States Court of Appeals, Tenth Circuit.

Submitted On Briefs Pursuant to Tenth Circuit Rule 9 Feb. 2, 1982.

Decided Feb. 11, 1982.

Certiorari Denied June 7, 1982.

See 102 S.Ct. 2911.

James Edward Clayton, pro se.

Jan Eric Cartwright, Atty. Gen., and John E. Douglas, Asst. Atty. Gen., State of Okl., Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a judgment of the district court dismissing appellant's complaint brought pursuant to 42 U.S.C. § 1983.

Appellant is currently incarcerated at the Oklahoma State Penitentiary at McAlester. In his complaint, he challenged certain conditions surrounding his confinement at the Lexington Assessment and Reception Center prior to his transfer to McAlester. These challenges included, *inter alia*, an allegation of interference with his right of access to the courts; a claim that certain personal property was illegally confiscated and/or destroyed; a claim that the reception center is overcrowded; and a claim that Department of Corrections officials retaliate against the Reception Center inmates' use of the law library by transferring such inmates to the more secure penitentiary. Appellant claims that such conduct was in violation of several provisions of the constitution.

■ At the outset, we must address appellee's assertion that the scope of this appeal should be limited to reviewing the district court's denial of appellant's new trial motion. The district court's judgment was filed on March 13, 1981. Thereafter, appellant sought post-judgment relief by filing a motion pursuant to Fed.R.Civ.P. 59 which sought a "new trial/amendment or rehearing." The Rule 59 motion was supported by an affidavit containing, in essence, a recapitulation of the allegations of the complaint. Although the Rule 59 motion was not filed in the district court until March 25, 1981, it appears that *service* of the motion may have been accomplished as early as March 23, 1981, the date stated in the certificate of service appended to the motion. To be timely, a Rule 59 motion must be *served* within ten days of the entry of judgment; the date of filing in the district court is essentially irrelevant here to a determination of timeliness. *See* Fed.R. Civ.P. 5(d). In the absence of any evidence to the contrary, we construe appellant's Rule 59 motion as if served on March 23, 1981. Accordingly, the timely Rule 59 motion tolled the time for filing the notice of appeal from the district court's judgment. *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563 (10th Cir.), *cert. dismissed*, 444 U.S. 987, 100 S.Ct. 204, 62 L.Ed.2d 132 (1979). The notice of appeal, timely filed after disposition of the Rule 59 motion, preserved for review the prior judgment entered in this case.

■ In dismissing the complaint, the district court stated:

Plaintiff has not alleged facts sufficient to establish, if proven, any solid claim of deprivation of constitutional rights. He has not alleged facts sufficient to establish, if proven, any injury, damage or prejudice to himself. He has not alleged facts sufficient to establish, if proven, that the only named defendant in his action has personally participated or acquiesced in any action or inaction resulting in any deprivation of plaintiff's rights.

We concur in the district court's conclusion. Appellant can make no "rational argument on the law or facts in support of his claim." *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976). *See also Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979).

■ As we reiterated recently:

The Supreme Court has made it clear that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction

justified by the considerations underlying our penal system." *Pell v. Procunier,* 417 U.S. 817, 822 [94 S.Ct. 2800, 2804, 41 L.Ed.2d 495]; *Accord, Jones v. North Carolina Prisoner's Labor Union,* 433 U.S. 119, 125 [97 S.Ct. 2532, 2537, 53 L.Ed.2d 629]; *See generally Daughtery v. Harris,* 476 F.2d 292 (10th Cir.), *cert. denied,* 414 U.S. 872 [94 S.Ct. 112, 38 L.Ed.2d 91]. *Ramos v. Lamm,* 639 F.2d 559, 579 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Appellant has presented no facts to suggest that the reception center officials have exaggerated their response to legitimate penological considerations. Under such circumstances, we will defer to the expertise of those prison officials in such internal administrative matters as herein challenged. *See Battle v. Anderson,* 564 F.2d 388 (10th Cir. 1977); *Marchesani v. McCune,* 531 F.2d 459 (10th Cir.), *cert. denied,* 429 U.S. 846, 97 S.Ct. 127, 50 L.Ed.2d 117 (1976).

In light of our conclusions stated above, we additionally find no error in the district court's denial of appellant's motion for a new trial or for reconsideration.

AFFIRMED. The mandate shall issue forthwith.