817 F.2d 103
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin Roosevelt WALLACE, Petitioner-Appellant,
v.
Earl A. CRAWLEY; Virginia Parole Board; Superintendent of
Southern Correctional Center, Respondents-Appellees.
 No. 87-6525.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 3, 1987.
Decided April 22, 1987.
 
 M.D.N.C.
 DISMISSED.
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Eugene A. Gordon, Senior District Judge. (C/A No. 86-205-C-R)
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Franklin Roosevelt Wallace, appellant pro se.
 Michael A. Likavec, Office of the Attorney General of Virginia, for appellees Crawley and Virginia Parole Board.
 Barry Steven McNeill, Office of the Attorney General of North Carolina, for appellee Superintendent of Southern Correctional Center.
 PER CURIAM:
 
 
 1
 Franklin Roosevelt Wallace, a North Carolina inmate, seeks to appeal the judgment of the district court dismissing without prejudice for failure to exhaust state remedies, his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2241. In his petition Wallace attacks both the validity of a Virginia parole violator detainer lodged against him at the North Carolina prison facility, and the effect that the detainer is having on his North Carolina custody. Wallace filed the petition in the United States District Court for the Middle District of North Carolina naming two Virginia respondents. The district court directed that the superintendent of the facility holding Wallace be named as an additional respondent. The North Carolina respondent answered the petition and moved to dismiss it for failure to exhaust North Carolina state court remedies concerning the effect that the North Carolina prisons would give to the detainer. The Virginia respondents moved to dismiss the petition as to them based on Wallace's failure to exhaust his Virginia state court remedies and on the additional ground that the North Carolina federal district court lacked in personam jurisdiction over them.
 
 
 2
 The petition was referred to a magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). The magistrate filed a report recommending that the petition, as it related to the North Carolina respondent, be dismissed without prejudice for failure to exhaust state remedies. As the petition related to the Virginia respondents the magistrate recommended that it be dismissed for lack of personal jurisdiction. After de novo review of those portions of the magistrate's report which Wallace had timely objected to, the district court entered an order adopting the magistrate's report and dismissing the petition. Wallace timely served a motion to vacate the judgment pursuant to Rule 59, Fed.R.Civ.P.n*whichthedistrict court denied. We find no reversible error and dismiss.
 
 
 3
 To the extent that Wallace's petition attacks the effect that the North Carolina authorities are giving the Virginia detainer he must exhaust his remedies in the North Carolina courts prior to seeking federal habeas relief. See Nelson v. George, 399 U.S. 224 (1970). To the extent that the petition attacks the validity, as opposed to the effect, of the Virginia detainer, or presents a claim for credit against his Virginia sentence, Wallace is proceeding in the wrong forum. The appropriate forum in which these challenges may be made is in the federal courts in Virginia. See Norris v. Georgia, 522 F.2d 1006 (4th Cir.1975). Prior to seeking habeas relief in the federal courts in Virginia, however, Wallace must first exhaust his state remedies in the Virginia courts. 28 U.S.C. Sec. 2254(b) and (c).
 
 
 4
 Finally, we find no error in the district court's denial of Wallace's motion to vacate brought pursuant to Fed.R. Civ.P. 59. Although the diStrict court considered the motion under Rule 60 rather than under Rule 59, it correctly found that Wallace had failed to present any reason which would warrant vacating or amending the court's final judgment.
 
 
 5
 Because the dispositive issues have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument and dismiss the appeal on the reasoning of the district court. Wallace v. Crawley, C/A [No. 86-205-C-R (M.D.N.C., Dec. 19, 1986).
 
 
 6
 DISMISSED.
 
 
 7
 ---------------
 
 
 
 * Rule 59 requires service of the motion within ten days of entry of judgment. Although Wallace's motion was filed more than ten days after entry of judgment! the certificate of service reflects that it was served with:n the ten-day period. See Fed.R.Civ.P. 5(b) (service by mail is complete upon mailing); Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam), cert. denied, 457 U.S. 1109 (1982).