820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Lee KEENAN, Petitioner-Appellant,
v.
William D. LEEKE; Attorney General of the State of South
Carolina, Respondent- Appellee.
 No. 86-6758.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1987.
Decided June 9, 1987.
 
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 David Lee Keenan, appellant pro se.
 William Alva Ready, III, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 David Lee Keenan appeals the magistrate's denial of his 28 U.S.C. Sec. 2254 petition. Judgment was entered on August 22, 1986. Keenan filed a motion to reconsider. The certificate of service attached to the motion indicated that it had been served by mail on August 30, 1986. As the magistrate has not ruled on this motion, the appeal shall be dismissed for lack of jurisdiction.
 
 
 2
 When a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a Fed.R.Civ.P. 59 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). While there may be some question on whether Keenan's motion was filed within the ten-day period, the language of Rule 59 clearly indicates that timeliness is determined by the service date. See Fed.R.Civ.P. 59(b), (e). Thus, the filing date is of no importance. See, e.g., Colville Confederated Tribes v. Walton, 752 F.2d 397, 400 (9th Cir.1985), cert. denied, --- U.S. ----, 54 U.S.L.W. 3561 (Feb. 24, 1986); Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam) (to be timely, new trial motion must be served within ten days of judgment and date of filing in district court is essentially irrelevant to determination of timeliness), cert. denied, 457 U.S. 1109 (1982).
 
 
 3
 Keenan signed the certificate of service eight days after judgment was entered. See Fed.R.Civ.P. 5(b) (service by mail is complete upon mailing). As Keenan's motion was timely and called into question the correctness of the judgment it shall be construed as a Rule 59 motion.
 
 
 4
 A Rule 59 motion not only tolls the time for bringing an appeal but also nullifies any notice of appeal filed prior to the disposition of the motion. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Fed.R.App.P. 4(a)(4). Therefore, this Court lacks jurisdiction until the magistrate rules on the motion and until Keenan files a new notice of appeal within thirty days of the magistrate's ruling on the Rule 59 motion.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause, dismiss the appeal as premature, and remand the case to the magistrate for a ruling on the Fed.R.Civ.P. 59 motion.
 
 
 6
 REMANDED.