833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis CRAWFORD, Plaintiff-Appellant,
v.
Arnold HOPKINS, Commissioner, Ralph Packard, Warden,
Maryland House of Correction, Defendants-Appellees.
 No. 87-6565.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 28, 1987.
Decided: Nov. 20, 1987.
 
 Curtis Crawford, appellant pro se.
 Rex Charles Schultz, Assistant Attorney General, for appellees.
 Before WIDENER and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Curtis E. Crawford brought this 42 U.S.C. Sec. 1983 action alleging that he had been denied access to the law library at the Maryland House of Corrections. The district court dismissed the case stating that either a law library or a legal assistance program would be legally sufficient. Within ten days of entry of judgment, Crawford completed service by mail of a motion for leave to appeal or alternatively to vacate the judgment. Fed.R.Civ.P. 5(b). His record on appeal was transmitted to this court; however, at this time, we lack jurisdiction to hear Crawford's appeal.
 
 
 2
 Regardless of how it is styled, if a post-judgment motion is served within ten days of entry of judgment and calls into question the correctness of that judgment, it should be treated as a Rule 59 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978); see also Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam) (to be timely, Rule 59 motion must be served within ten days of judgment and filing date in district court is irrelevant to determination of timeliness), cert. denied, 457 U.S. 1109 (1982). As Crawford's motion was served within ten days of entry of judgment and called into question the correctness of that judgment, it is correctly construed as a Rule 59 motion. Id. Moreover, the simultaneous filing of a notice of appeal would have no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (a Rule 59 motion not only tolls the time for bringing an appeal but also nullifies any notice of appeal filed prior to the disposition of the motion); Fed.R.App.P. 4(a)(4). Therefore, this Court is without jurisdiction to consider the merits of Crawford's appeal until the district court rules on the motion and thereafter Crawford files a timely notice of appeal.
 
 
 3
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument, dismiss the appeal as premature, and remand the case to the district court for a ruling on the Rule 59 motion.
 
 
 4
 REMANDED.