841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph Ernest WASHINGTON, Plaintiff-Appellant,
v.
Thomas R. ISRAEL, Warden Department of Corrections,
Defendant-Appellee.
 No. 87-7749.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 29, 1988.
Decided: Feb. 25, 1988.
 
 Joseph Ernest Washington, appellant pro se.
 Robert Harkness Herring, Jr., Office of the Attorney General of Virginia, for appellee.
 Before DONALD RUSSELL, WIDENER, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Ernest Washington, a Virginia inmate, brought this 42 U.S.C. Sec. 1983 action alleging that he had been denied the right to wear his religious cap during mealtimes, had been denied the right to take his religious book onto the recreational field, and had been denied passes for religious services. The district court granted summary judgment for the defendant, finding that Washington has not established that Muslims were being discriminated against or that he had been unfairly denied his right to freely exercise his religion. Within ten days of entry of judgment, Washington completed service by mail of a motion to reconsider or in the alternative a notice of appeal. Fed.R.Civ.P. 5(b). We lack jurisdiction to hear Washington's appeal.
 
 
 2
 Regardless of how it is styled, if a post-judgment motion is served within ten days of entry of judgment and calls into question the correctness of that judgment, it should be treated as a Rule 59 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978); see also Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam) (it is the service date, not the filing date, which determines timeliness of Rule 59 motion), cert. denied, 457 U.S. 1109 (1982). As Washington's motion was served within ten days of entry of judgment and called into question the correctness of that judgment, it is correctly construed as a Rule 59 motion. Id. The simultaneous filing of an alternative notice of appeal has no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (a Rule 59 motion not only tolls the time for bringing an appeal but also nullifies any notice of appeal filed prior to the disposition of the motion); Fed.R.App.P. 4(a)(4). Therefore, this Court is without jurisdiction to consider the merits of Washington's appeal until the district court rules on the motion to reconsider and thereafter Washington files a timely notice of appeal.
 
 
 3
 As the dispositive issues have recently been decided authoritatively, we dispense with oral argument, dismiss the appeal as premature, and remand the case to the district court for a ruling on the Rule 59 motion.
 
 
 4
 REMANDED.