848 F.2d 184
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl E. BARRIER, Jr., Petitioner-Appellant,
v.
David W. CHESTER; Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7047.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided: May 19, 1988.
 
 Carl E. Barrier, Jr., appellant pro se.
 Richard Norwood League (Office of the Attorney General of North Carolina), for appellees.
 Before DONALD RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carl E. Barrier appeals the district court's order denying his motion for release on bail during the pendency of his 28 U.S.C. Sec. 2254 action. Such an order is appealable under the collateral order doctrine. See Stack v. Boyle, 342 U.S. 1, 6 (1951). Nevertheless, Barrier's appeal in this case is premature and is dismissed as such.
 
 
 2
 Within 10 days of entry of the district court's order denying bail Barrier served, as an alternative to his notice of appeal, a motion for relief from the order under Fed.R.Civ.P. 60(b)(6). Because the motion was served within 10 days of entry of the order and called into question the correctness of the order, it is construed as a motion under Fed.R.Civ.P. 59(e) despite Barrier's reference to Fed.R.Civ.P. 60(b)(6). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). To the extent the motion asks the district court to amend its findings it is also properly construed as a motion under Fed.R.Civ.P. 52(b). Motions under both Rule 59 and Rule 52 are timely if served within 10 days of entry of judgment even if they are not filed until after expiration of the 10-day periods provided by those rules. See Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.), cert. denied, 457 U.S. 1109 (1982); Keohane v. Swarco, Inc., 320 F.2d 429, 431-32 (6th Cir.1963). A timely motion under either rule tolls the time for noting an appeal and renders without effect a notice of appeal filed prior to disposition of the motion. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 3
 Until the district court has acted on Barrier's motion we are without jurisdiction to entertain an appeal of the bail order. Accordingly, we dismiss the appeal as premature and remand the case to the district court for disposition of Barrier's motion for relief. Any new appeal must be noted within 30 days of the district court's disposition of the motion for relief. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DISMISSED.