872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Douglas ROWE, Defendant-Appellant.
 No. 88-7349.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1989.
Decided March 21, 1989.
 
 John Douglas Rowe, appellant pro se.
 Samuel Thomas Currin, Office of the United States Attorney, for appellee.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John D. Rowe, a North Carolina inmate, appeals the district court's dismissal of his 28 U.S.C. Sec. 2241 petition. For the reasons below we dismiss the appeal as premature and remand with instructions.
 
 
 2
 Rowe filed a request for a speedy trial or dismissal of a detainer lodged against him in the institution where he is incarcerated. The detainer alleges that Rowe has an outstanding parole violation charge against him in the Eastern District of North Carolina.
 
 
 3
 On December 1, 1988, the district court denied Rowe's motion. Rowe filed his appeal on December 12, 1988. However, Rowe filed a post-judgment motion entitled "Motion In Opposition To Order" on December 16, 1988, with a certificate of service dated December 10, 1988. This motion was never ruled upon by the district court.
 
 
 4
 Rowe's request for a speedy trial or dismissal of the detainer must be construed as a 28 U.S.C. Sec. 2241 petition. See Moody v. Daggett, 429 U.S. 78 (1976). Regardless of its heading, Rowe's post-judgment motion is properly characterized as a motion pursuant to Fed.R.Civ.P. 59(e), as it calls into question the correctness of the judgment and was served within 10 days of the judgment. Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.), cert. denied, 457 U.S. 1109 (1982); Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978).
 
 
 5
 Consequently, Rowe's appeal is premature and his notice of appeal has no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Fed.R.App.P. 4(a)(4). The appeal is not properly before this Court until a ruling has been made on the Rule 59(e) motion and a timely notice of appeal is filed within the 60-day period after the order is entered disposing of the Rule 59(e) motion.
 
 
 6
 Therefore, the appeal is dismissed as premature and the district court is instructed upon remand to rule upon Rowe's Rule 59(e) motion. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 DISMISSED AND REMANDED.