953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dwayne N. EL-BRANCH, Petitioner-Appellant,
v.
David A. GARRAGHTY; Attorney General of the Commonwealth of
Virginia, Respondents-Appellees.
 No. 90-7378.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1991.
Decided Jan. 29, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-90-215-R)
 Dwayne N. El-Branch, appellant pro se.
 Robert B. Condon, Assistant Attorney General, Richmond, Va., for appellees.
 E.D.Va.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dwayne N. El-Branch, a Virginia prisoner, seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254. We held this case in abeyance pending our decision in West v. Wright, 931 F.2d 262 (4th Cir.1991). For the reasons stated below we now deny a certificate of probable cause to appeal and dismiss.
 
 
 2
 El-Branch was convicted by a jury in 1987 of statutory burglary and grand larceny and received two sentences of ten years each. Petitions for appeal were denied by both the Virginia Court of Appeals and the Virginia Supreme Court. After the appeals were denied ElBranch filed a petition for habeas corpus with the Virginia Supreme Court; this petition was dismissed. El-Branch then filed the instant petition under 28 U.S.C. § 2254 raising seven claims of ineffective assistance of counsel. Six of El-Branch's claims allege that counsel was ineffective in failing to object to instructions given to the jury. The seventh claim alleges that counsel was ineffective in failing to request a different instruction.
 
 
 3
 Both parties consented to the magistrate judge exercising jurisdiction over the case. The court subsequently granted the respondents' motion to dismiss. El-Branch filed a motion "for new trial and amendment of judgment." The court held the motion untimely, treated it as a motion under Fed.R.Civ.P. 60(b), and denied the motion.* ElBranch filed a timely notice of appeal from the underlying judgment.
 
 
 4
 We agree with the district court that the Supreme Court's decision in Barnes v. United States, 412 U.S. 837 (1973), renders El-Branch's claims two through five meritless. Likewise, we dismiss claims six and seven on the reasoning of the district court. Though we also dismiss the appeal on claim one, we do so on different grounds.
 
 
 5
 The decision in Barnes approved a presumption of knowing possession of stolen goods arising from possession of recently stolen property. El-Branch challenges an instruction which allows a presumption that the defendant actually committed the burglary solely on the basis of recent possession of stolen property. The former inference is much more widely accepted without qualification or corroborating evidence. West, 931 F.2d at 267 n. 5; Cosby v. Jones, 682 F.2d 1373, 1381 (11th Cir.1982). Because of the crucial difference between the two presumptions, Barnes does not control the decision of claim one.
 
 
 6
 Nonetheless, El-Branch's claim that counsel was ineffective for failing to object to the instruction containing the presumption is without merit. An integral element in the ineffective assistance analysis is that counsel's conduct must have fallen below accepted norms. In the present case, the problems with the instruction would have to have been sufficiently clear under established law that competent counsel would have known to object. West specifically left open the question of whether Virginia's use of this inference would pass a facial challenge to its constitutionality. West, 931 F.2d at 267. Though, as we noted in West, other courts have questioned the continuing strength of the inference, counsel was not ineffective for failing to object to the instruction based on the decisions of other courts. See Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir.1983).
 
 
 7
 Because El-Branch's petition challenges only the effectiveness of counsel's assistance, we express no opinion as to the merit of a challenge to the sufficiency of the evidence under the reasoning of West.
 
 
 8
 In conclusion, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 DISMISSED.
 
 
 
 *
 The final order was entered on August 28. The Rule 59 motion was filed on September 13, but bears a certificate of service dated September 9. Under Rule 59(b), Fed.R.Civ.P., it is the date of service, not the date of filing with the court, which determines the timeliness of a Rule 59 motion. See Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.), cert. denied, 457 U.S. 1109 (1982). In the absence of contrary evidence the date on the certificate of service controls. Id. Thus, under Rule 59, El-Branch's motion was timely since it was served within ten days of the final order
 No prejudice resulted to El-Branch despite the court's erroneous treatment of the motion as one under Rule 60(b). Since the notice of appeal was timely El-Branch is entitled to a review of the final order on the merits in this Court. Additionally, as the motion merely reargued issues already decided no harm arose from the court's application of the Rule 60(b) standard.