960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank K. STAFFORD, Plaintiff-Appellant,
v.
Robert L. Wade; S.S.I.OF VIRGINIA, INCORPORATED, a Virginia
corporation; SPECIALTY SERVICES, INCORPORATED, a
Virginia Corporation, Defendants-Appellees.
 No. 91-1230.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 27, 1992
Decided: April 24, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-91-121-2)
 Frank K. Stafford, Appellant Pro Se.
 Gerald Michael Pace, Jr., Melissa Warner Scoggins, William Johnson Creech, Jr., GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia; Philip Wayne Parker, WOODS, ROGERS & HAZLEGROVE, Roanoke, Virginia, for Appellees.
 S.D.W.Va.
 DISMISSED.
 Before WIDENER, HALL, and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Frank K. Stafford seeks to appeal the district court's order dismissing his diversity complaint alleging violations of a patent assignment contract. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 The district court's final judgment dismissing Stafford's claims was entered on September 25, 1991. Stafford submitted a "Motion to Amend Order," dated October 5. This motion was filed in the district court on October 10. On October 15 Stafford filed a notice of appeal from the September 25 order. On November 1 Stafford filed a second motion to amend with the district court. The district court took no action on Stafford's motions to amend.
 
 
 3
 A motion which is served within ten days of judgment and calls into question the correctness of the judgment is construed as a motion under Fed. R. Civ. P. 59. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). The timeliness of a Rule 59 motion is determined by the date it is served, not the date it is filed. Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988); Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.) (per curiam), cert. denied, 457 U.S. 1109 (1982). A timely Rule 59 motion nullifies a notice of appeal filed prior to the disposition of the motion. Fed. R. App. P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). An untimely motion under Rule 59 has no effect upon a notice of appeal. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264-65 (1978). Stafford's first motion to amend clearly calls into question the correctness of the September 25 judgment. Because the district court has not yet ruled on Stafford's motion, this Court's jurisdiction depends on whether the motion was timely served.
 
 
 4
 In the absence of evidence to the contrary, a Rule 59 motion is considered served on the date stated in any attached certificate of service.
 
 
 5
 Clayton, 670 F.2d at 144. Where service is by mail, service is complete upon mailing. Fed. R. Civ. P. 5(b).
 
 
 6
 Though no formal certificate of service was attached to Stafford's Rule 59 motion, it appears from notations on the motion and on accompanying documents that copies were mailed to the Defendants' counsel on October 5, within ten days of the entry of final judgment.
 
 
 7
 Because a timely motion under Rule 59 was served in this case, Stafford's subsequent notice of appeal is without effect. Accordingly, this Court lacks jurisdiction to consider this appeal and the appeal will be dismissed.*
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 It appears from the record that the district court has not yet acted on Stafford's motion. The district court should proceed to resolve the motion, at which point Stafford will be able to file a new notice of appeal from that decision