**Velma PORTIS, Plaintiff–Appellee,**

v.

**HARRIS COUNTY, TEXAS, et al., Defendants–Appellants.**

**No. 80–1292**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 8, 1980.

David H. Melasky, Anthony D. Sheppard, Houston, Tex., for defendants–appellants.

Mark T. McDonald, Houston, Tex., for plaintiff–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

On June 27, 1975 Velma Portis filed this class action against Harris County and its Manpower Agency alleging racial discrimination in employment. The case went to trial in November 1979 and on November 21, 1979, the district judge filed findings of fact and conclusions of law wherein he found that Portis was entitled to back pay and attorney's fees. A hearing on attorney's fees was held in January 1980 and final judgment was filed on February 22, 1980. On March 4, 1980, Harris County, the appellants here, filed a timely motion to reform the judgment. Fed.R.Civ.P. 59(e). At the same time they filed a notice of appeal. An amended final judgment was filed on March 10.

We dismiss the appeal due to our lack of jurisdiction. The appellant filed the Rule 59 motion and notice of appeal at the same time. Under Rule 4, Fed.R.App.P. 4(a), the filing of a timely Rule 59(e) motion "has the effect of nullifying a notice of appeal filed before the disposition of the motion. Such a notice of appeal 'shall have no effect', and '[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion.'" 9 Moore's Federal Practice ¶ 204.12[1] (2d ed. 1980). When the Rule 59(e) motion was timely filed, the judgment of the district court was no longer a final judgment. The judgment became final only after the disposition of the Rule 59(e) motion on March 10. Fed.R.App.P. 4(a) requires that the notice of appeal be filed within 30 days of that final judgment, which was not done here. A timely notice of appeal is necessary for this court to have authority to act. *Hardy v. St. Paul Fire & Marine Insurance Co.*, 599 F.2d 628, 629 (5th Cir. 1979). Accordingly, we must dismiss for lack of jurisdiction.

APPEAL DISMISSED.