Jean LAPEYROUSE, Individually and as Temporary Administratrix of the Estate of Iry Joseph Lapeyrouse, Jr., etc., Plaintiff-Appellant,

v.

TEXACO, INC., et al., Defendants,

J & K Rig Construction Company, Inc., Defendant-Appellee,

Donald Ray STEWART, et ux., Plaintiffs-Appellants,

v.

TEXACO, INC., et ux., Defendants,

J & K Construction Company, Inc., Defendant-Appellee.

Peter H. CUMMINGS, IV, et al., Plaintiffs-Appellants,

v.

TEXACO, INC., et al., Defendants,

J & K Rig Construction Company, Inc., Defendant-Appellee.

No. 81–2039.

United States Court of Appeals,
Fifth Circuit.

March 4, 1982.

Newton B. Schwartz, P. C., Houston, Tex., for plaintiffs-appellants.

Royston, Rayzor, Vickery & Williams, Ben L. Reynolds, John M. Elsley, Houston, Tex., for defendant-appellee.

Baker & Botts, Randy J. McClanahan, Houston, Tex., for Texaco, Inc.

Weitinger, Steelhammer & Tucker, Don Weitinger, L. Keith Slade, Houston, Tex., for Intern. Hammer Services Co.

James R. Sutterfield, New Orleans, La., for J & K Rig Const. Co.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

This appeal arises from a suit brought by employees and decedents of employees of

International Hammer Services Company (Hammer) against Hammer, Texaco, Circle Bar Drilling Company, J&K Rig Construction Company (J&K), and several peripheral defendants. Plaintiff-appellants and deceased relatives of plaintiff-appellants worked as members of the casing crew on a well owned by Texaco aboard a drilling barge owned by Circle Bar. On August 22, 1979, the well derrick on the barge collapsed, resulting in the death or injury of several members of the crew. During the resultant litigation, J&K filed a motion to the jurisdiction of the court pursuant to Fed.R.Civ.P. 12(b)(2) claiming lack of *in personam* jurisdiction. The District Court orally granted the motion on January 12, 1981, and entered a judgment dismissing all claims against J&K on January 26. That same day, January 26, the court also entered an order that, *inter alia*, certified this judgment as final pursuant to Fed.R.Civ.P. 54(b). The court briefly explained its finding that J&K did not have sufficient contacts with the forum in which appellants had brought their suit. Appellants on this appeal contest only this dismissal of J&K for lack of *in personam* jurisdiction.

Whatever the merits of this appeal, we must note that we may lack authority to reach them. Neither party has raised the issue whether appellants' notice of appeal was filed in a timely manner, but we notice the issue *sua sponte* and "begin with the axiom that a valid notice of appeal is a jurisdictional prerequisite to review by this court." *Williams v. Bolger*, 633 F.2d 410, 411 (5th Cir. 1980).

Apparently unaware that the District Court had entered its judgment and explanatory order on January 26, appellants filed a motion that day requesting the court to make findings of fact and conclusions of law reflecting its reasons for dismissing J&K. The motion cited Fed.R.Civ.P. 52 as authority. The certificate of service on this motion indicates that it was mailed to opposing counsel on January 22, 1981. The District Court did not mention the motion in its order of January 26, 1981, and it is unclear whether the court had received the motion prior to entering its order.

Appellants filed the notice of appeal from the judgment dismissing J&K on January 28, 1981. The next day they filed a motion for rehearing on the same judgment. The motion for rehearing was not included in the record on appeal, and the record does not indicate when and if this motion was served on J&K. In any event, on February 26, the court denied the motion for rehearing. The key fact is that appellants did not file another notice of appeal after the District Court entered its order denying their motion for rehearing.

A notice of appeal filed prior to the disposition of motions timely filed pursuant to Rules 50(b), 52(b), or 59 of the Federal Rules of Civil Procedure has no effect. Fed.R.App.P. 4(a)(4). Rule 4(a)(4) further provides that "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of [the timely-filed Rule 50(b), 52(b), or 59 motions]." When a party files a timely post-trial motion and the District Court grants or denies it *after* the filing of a notice of appeal, Rule 4(a)(4) requires the filing of a second notice of appeal. See the Notes of the Advisory Committee accompanying the rule and *Williams v. Bolger, supra*, 633 F.2d at 412–13 n.2. Since appellants filed only the earlier notice of appeal, we lack authority to consider their appeal if their post-trial motions were timely and pursuant to Rule 50(b), 52(b), or 59 and also the District Court did not rule on the motions until after the filing of the notice of appeal on January 28.

*The Motion for Findings of Fact and Conclusions of Law*

The motion for findings of fact and conclusions of law filed on January 26 clearly was timely, for it was filed and served no later than ten days after the entry of judgment. *See* 5A J. Moore, Federal Practice ¶ 52.11[1] at 2748–49 & n.8 (2d ed. 1980). However, appellants failed to state whether they requested these findings pursuant to Fed.R.Civ.P. 52(a) or, instead, to 52(b). Although this leaves us uncertain as to the application of Fed.R.App.P. 4(a)(4), our im-

mediate task is to determine at what time, if ever, the District Court disposed of the, motion. If the court disposed of the "Rule 52" motion prior to the appellants' filing of their notice of appeal on January 28, then our placing of the authorization for the motion within the various provisions of Rule 52 becomes unnecessary.

■ Under the unique circumstances of this case, we are satisfied that the trial court effectively disposed of appellants' motion in its order of January 26. Some courts readily have inferred that "the entry of final judgment in a cause is in effect an overruling of all motions pending prior thereto in the case." *Cohen v. Curtis Publishing Company*, 333 F.2d 974, 977 (8th Cir. 1964), (quoting *Mosier v. Federal Reserve Bank*, 132 F.2d 710 (2d Cir. 1942)) *cert. denied*, 380 U.S. 921, 85 S.Ct. 923, 13 L.Ed.2d 808 (1965). This approach has been criticized, however, as "[o]bliging counsel to guess at the implications of the entry of judgment," 9 J. Moore, Federal Practice ¶ 204.12[4] at 4–84 to 4–85 & n.1 (2d ed. 1980), and we by no means generally approve the practice here. Still, we see no reason in this case why the court's final order, which provided the relief for which appellants had moved, cannot be read as having granted (or denied as superfluous) their motion. The trial court's entry of an order containing the requested findings and conclusion on the same day as appellants' request understandably put both the court and appellants off their guard as to the necessity for an express disposition of the motion. We merely hold, therefore, that the trial court's inclusion of findings of fact and conclusions of law in its final order of January 26 effectively granted appellants' request for such findings on January 26. Since appellants filed their notice of appeal two days later, the notice would be timely whether filed pursuant to Fed.R.Civ.P. 52(a) or (b).

### The Motion for Rehearing

The gaps in the record pertinent to appellants' motion for rehearing on January 29 are less easily filled. Since the motion for rehearing does not appear in the record, we cannot determine whether appellants cited any Federal Rule in their motion. Normally, a motion for rehearing would be expected to be filed under Rule 59. In its order denying the motion, the District Court stated that plaintiff-appellants were seeking a rehearing of the court's determination because of their conviction that the dismissal of J&K for lack of personal jurisdiction would "delay this action and others and that a single trial . . . would be more convenient for the parties and would conserve judicial resources." A motion requesting modification of the Court's order of dismissal on the grounds of convenience could be construed as Rule 59(e) motion to alter or amend judgment. We are unable to determine whether the motion was timely, *i.e.*, served no later than ten days after the entry of judgment, since the record reflects only that the motion was filed three days after entry of judgment. If the motion for rehearing was filed pursuant to Rule 59(e) and was timely, we would be without jurisdiction on this appeal under Fed.R.App.P. 4(a)(4). The filing of a timely Rule 59(e) motion effectively would have nullified the notice of appeal filed by appellants prior to the District Court's disposition of the motion. *Portis v. Harris County*, 632 F.2d 486, 487 (5th Cir. 1980).

The motion possibly could also be construed, however, as one filed pursuant to Fed.R.Civ.P. 60(b)(6) for relief from a final judgment "for any other reason justifying relief from the operation of the judgment." If appellants made their motion for rehearing pursuant to Fed.R.Civ.P. 60(b)(6), Fed.R.App.P. 4(a)(4)'s requirement of a second notice of appeal is inapplicable and the appeal lies.

■ Therefore, we remand to the District Court for determination of the timeliness of the motion for rehearing and of the Rule pursuant to which appellants made this motion. If the court below finds that the motion for rehearing was not timely or was not made pursuant to Rule 59(e), the appeal may proceed; otherwise, the notice of appeal filed on January 28 is a nullity, and the

appeal must be dismissed. *Portis v. Harris County, supra*, 632 F.2d at 487. Pending resolution of these issues in the court below, we retain jurisdiction. *See Meggett v. Wainwright*, 642 F.2d 95, 97 (5th Cir. 1981).

REMANDED.