**Frank Edward FISCHER, III, Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants-Appellees.**

**No. 83–3761.**

United States Court of Appeals, Fifth Circuit.

May 3, 1985.

Frank E. Fischer, III, pro se.

Reta M. Strubhar, Patrick C. Jackson, El Reno, Okl., for Canadian County, et al.

Susan Scott Hunt, Asst. Dist. Atty., John P. Valz, U.S. Atty., Roy F. Blondeau, Jr., New Orleans, La., for U.S. Dept. of Justice.

Before GEE, RUBIN, and RANDALL, Circuit Judges.

PER CURIAM:

The district court, on August 5, 1983, signed an order granting the defendants-appellees' motions to dismiss Frank Edward Fischer's civil rights complaint. Thereafter, the district court, on August 10, 1983, entered judgment in favor of the defendants-appellees. Fischer appeals from that judgment.

In February of 1984, the defendants-appellees moved to dismiss this appeal on the ground that Fischer's notice of appeal was untimely. On February 28, 1984, a motions panel of this court denied the motions to dismiss, but did not file an opinion assigning reasons for its decision. We of course are not necessarily bound by that decision. *See EEOC v. Neches Butane Products Co.*, 704 F.2d 144, 145 (5th Cir. 1983) ("A denial by a motions panel of a motion to dismiss for want of jurisdiction, however, is only provisional."). Upon reconsideration of the issue, we conclude that it is impossible to determine the existence of appellate jurisdiction from the record before us. Therefore, we must remand the case to the district court.

Officers and agents of the United States are among the defendants-appellees in this case.[1] Therefore, according to Rule 4, Fed.R.App.P., Fischer's notice of appeal must have been filed within sixty days af-

---

1. The pro se complaint names the following federal defendants:

 (a) United States Department of Justice;
 (b) Federal prison system;
 (c) Federal Correctional Institution, El Reno, Okla.;
 (d) Warden, T.C. Martin;
 (e) Administrative Systems Manager, John Flynn;
 (f) Director of United States Bureau of Prisons, Norman A. Carlson; and
 (g) Chief Records Officer, Helen Engebretson.

ter the date of the entry of judgment, unless the sixty-day period was tolled by a timely postjudgment motion of the type enumerated in Rule 4(a)(4), Fed.R.App.P. The sixty-day period in this case expired on October 7, 1983. Fischer did not file a notice of appeal in the district court until October 26, 1983. Fischer has, however, filed two documents in this case that may well operate to preserve his right to appeal. On August 15, 1983, Fischer filed in the district court what purports to be a Rule 60(b), Fed.R.Civ.P., motion for relief from judgment. On September 20, 1983, he filed a "Motion to Appeal In Forma Pauperis" with the clerk of this court.

 Fischer's motion to proceed in forma pauperis was filed in this court on September 20, 1983, well within the sixty-day period. Under well-settled principles, a timely motion to proceed in forma pauperis on appeal is the substantial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction. *See, e.g., Robbins v. Maggio,* 750 F.2d 405, 408–09 (5th Cir. 1985).[2] Moreover, the fact that Fischer mistakenly filed the motion in this court, rather than in the district court, is of no moment. Rule 4(a)(1) provides that, "[i]f a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and shall transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted." This rule applies equally to a document filed in the court of appeals that, although not technically a notice of appeal, is the substantial equivalent thereof. *See Yates v. Mobile County Personnel Board,* 658 F.2d 298, 299 (5th Cir.1981) (petition for mandamus filed with the court of appeals may satisfy the notice-of-appeal requirement).[3]

 Unless the period for filing a notice of appeal was tolled, it would appear, therefore, that Fischer has complied with Rule 4. Certain postjudgment motions, however, including Rule 59(e) motions, if timely, will toll the running of the period for filing a notice of appeal. Any notice of appeal filed prior to the disposition of such a motion is a nullity. *See Van Wyk,* 719 F.2d at 807. Because Fischer's Rule 60(b) motion calls into question the correctness of the underlying judgment, it is in reality a Rule 59(e) motion to alter or amend judgment. *See* 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] (1985) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").[4] If the motion was timely, it clear-

---

**2.** In order to qualify as the equivalent of a notice of appeal, a "document should accomplish the dual objectives of (1) notifying the court and (2) notifying opposing counsel of the taking of an appeal." *Van Wyk El Paso Investment, Inc. v. Dollar Rent-a-Car Systems,* 719 F.2d 806, 807 (5th Cir.1983). Fischer's motion to proceed in forma pauperis clearly accomplished these goals and, in fact, contains all of the information that Rule 3(c), Fed.R.App.P., requires in a true notice of appeal.

**3.** Our record contains only a photocopy of Fischer's motion to proceed in forma pauperis. Apparently, the motion was not transmitted to the district court by the clerk of this court; the district court's docket sheet does not contain a reference to the motion. The motion clearly bears the file stamp of this court, however, indicating that it was in fact filed on September 20, 1983. Therefore, the clerk of this court is directed to transmit the motion to the district court along with the record in this case. *See Yates,* 658 F.2d at 299 n. 1 (directing clerk to

transmit equivalent of notice of appeal to the district court).

**4.** There is a conflict among the cases of this circuit on the circumstances under which a postjudgment motion filed within ten days of the entry of judgment may be considered a Rule 60 motion, rather than a Rule 59(e) motion, for purposes of saving an appeal noticed prior to the disposition of the motion. *Compare Willie v. Continental Oil Co.,* 746 F.2d 1041 (5th Cir. 1984) (motion to amend judgment to reflect accurately the terms of a pretrial stipulation), *with Harcon Barge Co. v. D & G Boat Rentals,* 746 F.2d 278 (5th Cir.1984) (motion to amend judgment to delete imposition of costs against defendants). This conflict does not, however, affect this case in which we are construing what purports to be a Rule 60(b) motion as a Rule 59(e) motion. In *Willie,* the court entered an amended judgment on October 20, 1983. A motion to amend the judgment for a second time was filed on October 25, 1983. The motion to amend the judgment did not state the rule of

ly operated to toll the time for filing a notice of appeal until the district court entered an order disposing of it. *See* Fed.R. App.P. 4(a)(4) ("A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion ...."). The district court has entered no such order in this case.[5]

▮▮▮▮ To be timely, a Rule 59(e) motion must be "*served* not later than 10 days after entry of the judgment." (Emphasis added.) Although Fischer's motion was clearly *filed* within ten days after the entry of judgment, the record does not reveal whether it was also served during that

period.[6] Because the proper exercise of our appellate jurisdiction at this point in the litigation depends on whether this motion was actually served within Rule 59(e)'s ten-day period, and because we are not in a position to make this determination from a silent record, we deem it appropriate to remand the case to the district court to resolve the question in the first instance. *See Lapeyrouse v. Texaco, Inc.,* 670 F.2d 503 (5th Cir.1982) (remanding case to the district court to determine whether postjudgment motion was a Rule 60(b) motion or a Rule 59(e) motion and, if the latter, whether it was served within ten days of the entry of judgment). If the motion was properly served within the ten-day period, Fischer's attempts to perfect this appeal must necessarily fail because the district

civil procedure under which it was made. A notice of appeal was filed on October 28, 1983, before the district court ruled on the motion to amend on December 2, 1983. We recognized that, if the motion to amend was made under Rule 59(e), the appeal would have to be dismissed because a new notice of appeal was not filed following disposition of the motion. We held, however, that, although the motion was filed within ten days of the entry of judgment, it was in reality a Rule 60(b) motion because it "did not seek to have the district court reconsider the judgment within the contemplation of Rule 59(e)." 746 F.2d at 1045. Accordingly, because a Rule 60(b) motion does not toll the period for filing a notice of appeal, we held that we had jurisdiction of the appeal taken from the October 20 judgment.

In *Harcon Barge,* decided six days after *Willie,* the district court entered judgment on December 14, 1982. A motion to amend, which apparently did not mention the rule under which it was made, was filed on December 21, 1982. A notice of appeal was also filed on December 21, obviously prior to disposition of the postjudgment motion. We rejected the argument that, because the relief sought in the motion could have been obtained in a Rule 60(a) motion, we should treat the motion as if made under Rule 60(a) and thus ignore the fact that a new notice of appeal was not filed following disposition of the motion. Instead, we dismissed the appeal.

The *Harcon Barge* court apparently takes the position that a postjudgment motion filed within ten days of judgment for relief that may be granted under Rule 59(e) *must* be considered a Rule 59(e) motion for purposes of Rule 4(a)(4), Fed.R.App.P., even if the same relief could have been afforded under Rule 60. *Willie,* on the other hand, takes the view that, under some

circumstances, a motion filed within ten days of judgment may, for purposes of calculating the time for filing a notice of appeal, be considered a Rule 60 motion. We have recently voted to rehear these cases en banc to resolve this conflict.

The conflict does not, however, affect our decision in this case. Under *Harcon Barge,* any postjudgment motion filed within ten days of the entry of judgment which seeks to amend the judgment will be considered a Rule 59(e) motion. Under *Willie,* a motion filed within ten days of the entry of judgment that attacks the substantive correctness of the underlying judgment will be considered a Rule 59(e) motion. The basis of the pro se postjudgment motion in this case, although not altogether clear, is apparently that the district court misconstrued the law in granting the motions to dismiss. Under either *Willie* or *Harcon Barge,* therefore, the motion in this case would be considered a Rule 59(e) motion that, if served within the ten-day time limit, tolled the time for filing a notice of appeal.

5. Following the filing of Fischer's Rule 59(e) motion, the district court entered only one order: a November 2, 1983 order referring the case to a magistrate to determine whether the appeal is taken in good faith and whether Fischer may proceed in forma pauperis. On November 29, 1983, the magistrate signed a certificate of good faith; according to the district court's docket sheet, the certificate of good faith was forwarded to all parties on December 8, 1983.

6. Fischer, a pro se litigant, did not comply with Local Rule 2.9 of the Rules of the United States District Court for the Eastern District of Louisiana, which provides that all pleadings and motions must bear a certificate of service.

court has not yet disposed of the motion. If that is the case, the appeal must be dismissed and the district court should simply retain the record and should rule on the motion in due course. If, on the other hand, the motion was not served within the ten-day period, the appeal may proceed. Pending resolution of this issue in the district court, we shall retain provisional jurisdiction of this case. *See Lapeyrouse,* 670 F.2d at 506.

## CONCLUSION

For the reasons set forth above, it is necessary to remand this case to the district court to determine if Fischer served his Rule 59(e) motion in a timely manner. If so, the appeal will be dismissed. If not, the case should be referred to this panel for disposition on the merits.

REMANDED FOR ADDITIONAL FINDINGS.