**Robert SKAGERBERG, Petitioner-Appellant,**

v.

**STATE OF OKLAHOMA, Respondent-Appellee.**

No. 86–1293.

United States Court of Appeals, Tenth Circuit.

July 25, 1986.

Robert Skagerberg, pro se.

Before McKAY, SETH, and TACHA, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma denying petitioner a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust his claims. We conclude we lack jurisdiction to consider this appeal.

The district court entered its order denying § 2254 relief on January 8, 1986. On January 15, 1986, petitioner filed a single document which he denominated as a "Motion for Rule 60 Relief, or Appeal." In one order, the district court denied relief, acknowledged the notice of appeal, denied leave to appeal in forma pauperis, and granted a certificate of probable cause.

This case presents the problem of how to construe a combined motion for reconsideration and a notice of appeal. This problem frequently recurs in pro se actions. In order to resolve the confusion created by this combination document we grant leave to proceed on appeal in forma pauperis and address the issue of how we must construe the combination document under the standards set forth in Fed.R.App.P. 4(a).

Fed.R.App.P. 4(a)(1) requires a party to file a notice of appeal within thirty days of the entry of judgment. Fed.R.App.P. 4(a)(4) further provides that "if a timely motion ... is filed in the district court under [Fed.R.Civ.P.] 50(b) ..., 52(b) ..., or 59 ... the time for appeal ... shall run from the entry of the order granting or denying ... such motion." A notice of appeal filed before the disposition of any of the above motions shall have no effect, and a new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion. *Id.*

■ Although petitioner stated in his alternative motion/notice of appeal document that he sought Rule 60 relief, petitioner's characterization is not controlling. Rather,

regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). *Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir.1983); *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.,* 653 F.2d 1378, 1380 (10th Cir.1981); *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir.1986). Petitioner's motion/notice of appeal, which was served within ten days of the district court's denial of the § 2254 petition for a writ of habeas corpus, questioned the correctness of the district court's dismissal of his action. Consequently, petitioner's mischaracterized motion for Rule 60 relief should have been construed as a timely Rule 59(e) motion. *Venable,* 721 F.2d at 299.

Under Rule 4(a)(4), a timely Rule 59(e) motion tolls the time for filing a notice of appeal from a district court judgment. *Clayton v. Douglas,* 670 F.2d 143, 144 (10th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982). A notice of appeal filed while a timely Rule 59(e) motion is pending is ineffective to confer jurisdiction on a court of appeals. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Likewise, a notice of appeal filed before a timely Rule 59(e) motion is also ineffective to confer jurisdiction. *Id.*

Accordingly, we conclude that when a timely Rule 59(e) motion and a notice of appeal are combined in one document the notice of appeal is premature and has no effect. *See Portis v. Harris County, Texas,* 632 F.2d 486 (5th Cir.1980) (Rule 59 motion and notice of appeal were filed in the same document). After receiving a ruling on the timely motion, the appellant is required to file a new notice of appeal in accordance with Fed.R.App.P. 4(a)(1).

In this case, the district court's judgment became final for appeal purposes only after the district court's disposition of the Rule 59(e) motion. Because petitioner failed to file a new notice of appeal after disposition of the Rule 59(e) motion, we do not have jurisdiction to consider this appeal. *See Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (filing of a timely notice of appeal is mandatory and jurisdictional).

The appeal is DISMISSED.

The mandate shall issue forthwith.