Sandra M. **FITZPATRICK,**
**Plaintiff-Appellant,**

v.

**TEXAS WATER COMMISSION, et al.,**
**Defendants-Appellees.**

No. 86–1242
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1986.

---

18.   28 U.S.C. foll. § 2254 (1986).

19.   28 U.S.C. foll. § 2254, Rule 4 & Advisory Committee Note (1986).

Sandra M. Fitzpatrick, pro se.

Lou Bright, Asst. Atty. Gen., Austin, Tex., for Texas Water Com'n, et al.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Appellant Sandra Fitzpatrick brought suit against appellees Texas Water Commission and Larry Soward, Felix McDonald, Lee Biggart, and Ralph Roming[1] alleging violations of 42 U.S.C. §§ 1983 and 1985 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* At the start of trial the district court dismissed the section 1985 claim, although the court never entered an order or judgment to that effect. After trial the court found that appellees' action in terminating Fitzpatrick did not violate Title VII because her termination was not based upon her race or her filing of an EEOC complaint. A jury returned a verdict for the appellees on the section 1983 claim. The district court thereafter entered judgment on March 6, 1986, in favor of appellees on the section 1983 and Title VII claims.

Eight days later, on March 14 Fitzpatrick filed a motion for a new trial and a motion to modify, correct or reform the judgment regarding the sections 1983 and 1985 claims and the Title VII claim. On March 17 Fitzpatrick filed an amended motion for a new trial. The district court denied the motion for a new trial on March 24 and denied the amended motion for a new trial on March 26. The court never ruled on the March 14 motion to modify, correct or reform the judgment, and it remains unresolved.

Although neither party raises any question regarding our jurisdiction in this appeal, this court has the duty to examine the basis of its jurisdiction, and on its own motion if necessary. *See Koke v. Phillips Petroleum Co.*, 730 F.2d 211, 214 (5th Cir. 1984). In the present case, the unresolved March 14 motion requires us to dismiss the appeal due to a lack of jurisdiction. Judgment was entered on March 6 regarding both the Title VII and the section 1983 claims. Fitzpatrick filed a timely Fed.R. Civ.P. 59(e) motion to modify, correct or reform the judgment. Although this motion was not ruled upon, Fitzpatrick filed a notice of appeal. This notice is without effect. The filing of a timely motion under rule 59(e) nullifies the notice of appeal filed before the disposition of the motion. *See Portis v. Harris County, Texas*, 632 F.2d 486, 487 (5th Cir.1980). The judgment only becomes final and appealable after an entry of an order disposing of the rule 59(e) motion. *Id.* Therefore, we dismiss this appeal.

However, we note that upon the entry of an order disposing of the rule 59(e) motion the time limit for appealing a final

---

1. The claims against Roming were dismissed by Fitzpatrick prior to the trial.

judgment will then begin to run. We also note that the district court's entry of findings of fact and conclusions of law does not comport with the requirements of Fed.R. Civ.P. 52(a), and they should be modified to do so. *See Ratliff v. Governor's Highway Safety Program,* 791 F.2d 394, 400–01 (5th Cir.1986). Finally, we believe that the district court should enter a judgment regarding the section 1985 claim as required by Fed.R.Civ.P. 58.

APPEAL DISMISSED.