875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
v.
PEOPLE OF the STATE OF MICHIGAN; City of Grand Rapids, a
Municipal Corporation; Gerritt W. Roelofs, individually,
and in his representative capacity as a police officer for
the City of Grand Rapids; Sandra Arens, individually, and
in her representative capacity as a police officer for the
City of Grand Rapids; David H. Sawyer, individually, and in
his representative capacity as Kent County Prosecuting
Attorney; Varis Klavins, individually, and in his
representative capacity as Assistant Kent County Prosecuting
Attorney; R. Stuart Hoffius, individually, and in his
representative capacity as Kent County Circuit Judge;
United States Department of Justice Federal Bureau of
Investigation; Gene Ward, individually, and in his
representative capacity as an agent for the Federal Bureau
of Investigation; Richard C. Holst, individually,
Defendants-Appellees.
 Nos. 89-1189, 89-1421.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1989.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 
 ORDER
 
 2
 These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 3
 Review of the record indicates that appellant filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Western District of Michigan on February 12, 1988. Pursuant to a motion by appellees, however, the district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted. The judgment of dismissal was entered on January 20, 1989. Ten days later, on January 30, 1989, the district court received a letter from appellant which it construed as a motion to alter or judgment pursuant to Fed.R.Civ.P. 59(e). Appellant, however, did not serve a copy of the letter upon appellees, but instead filed a notice of appeal from the district court's judgment. Sixth Circuit Case No. 89-1189. Subsequently, on March 17, 1989, the district court entered an order in which it declined to reconsider its earlier judgment. Appellant then filed a second notice of appeal. Sixth Circuit Case No. 89-1421.
 
 
 4
 Appellees now move to dismiss case no. 89-1189 for lack of jurisdiction. In particular, they contend that the notice of appeal was premature because it was filed during the pendency of a motion to reconsider under Fed.R.Civ.P. 59(e). Appellees argue that as a result, Fed.R.App.P. 4(a)(4) operated to toll the time for filing a notice of appeal until after the district court's denial of the motion to reconsider on March 17, 1989. In his response to the motion to dismiss, appellant objects to the construction of his as a motion to reconsider and asserts that his intention was to take an immediate appeal from the judgment dismissing the complaint.
 
 
 5
 Upon consideration of those facts and the parties' pleadings, this court has determined that the motion to dismiss should be denied. Even if appellant's letter to the district court is construed as a motion to alter or amend under Fed.R.Civ.P. 59(e), it did not toll the time for filing a notice of appeal. In order to have such an effect, the motion must be served upon the opposing party within 10 days of the entry of judgment. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Fisher v. United States Department of Justice, 759 F.2d 461 (5th Cir.1985) (per curiam). Appellant's letter was not served upon appellees. Accordingly, the motion did not toll the time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(4) and this court must therefore deny the motion to dismiss case no. 89-1189.
 
 
 6
 The court further concludes that it lacks jurisdiction over case no. 89-1421. Appellant clearly filed that appeal as a precautionary measure in case his appeal in case no. 89-1189 was held premature under Fed.R.App.P. 4(a)(4). This court has determined to the contrary, however. Consequently, the notice of appeal in case no 89-1421 was filed more than 30 days after the district court's entry of a final judgment on January 20, 1989, and must be dismissed as untimely. Fed.R.App.P. 4(a)(1).
 
 
 7
 Accordingly, it is ORDERED that appellees' motion to dismiss case no. 89-1189 be and hereby is denied. Case No. 89-1421, however, is hereby dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation