930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Carl S. MELTON, Petitioner-Appellant,
v.
Robert W. FISHER, Respondent-Appellee.
 No. 90-3343.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1991.
 
 Before McKAY, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case is before us on our own motion. Judgment was entered denying appellant's petition for writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2241, on November 16, 1990. On November 23, appellant filed his notice of appeal. However, on November 27, he timely filed and served a motion for reconsideration under Fed.R.Civ.P. 59(e).
 
 
 3
 The filing of the Rule 59(e) motion thus nullified the notice of appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). Thereafter, on December 3, 1990, the district court denied the motion for reconsideration. No second notice of appeal was filed.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(4) expressly provides that if a timely motion is made under Fed.R.Civ.P. 59(e), the time for appeal shall run from the entry of the order granting or denying such motion. After receiving a ruling on the motion, appellant was required to file a new notice of appeal in accordance with Fed.R.App.P. 4(a)(1). Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986). In addition, even though appellant in his post-judgment motion also invoked the provisions of Fed.R.Civ.P. 60(b) (which, if proper, would not disturb the finality of the judgment), we have long held that regardless of how characterized, a post-judgment motion made within ten days of the entry of judgment questioning the correctness of the judgment is properly construed as a Rule 59(e) motion. Id.
 
 
 5
 Accordingly, we are without jurisdiction, and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3