936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
John Webster FLANAGAN, Petitioner-Appellant,
v.
WARDEN, U.S. PENITENTIARY, LEAVENWORTH, Respondent-Appellee.
 No. 91-3001.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Webster Flanagan, a pro se federal prisoner, filed a petition for a writ of habeas corpus arising out of prison disciplinary proceedings. The district court dismissed the action, ruling that one claim was moot and that jurisdiction was lacking over the remaining claims. Flanagan appeals. We dismiss for lack of jurisdiction.
 
 
 3
 The district court's judgment of dismissal was entered on the docket December 5, 1990. Flanagan filed a notice of appeal on December 20. However, the record reveals that Flanagan had filed a motion styled Motion to Amend Judgment Rule 59 F.R.C.P. on December 19, 1990, within ten days of the entry of the district court's order of dismissal. See Fed.R.Civ.P. 6(a). That motion has not been ruled on by the district court.
 
 
 4
 This court has held that, "regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e)." Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986). "[A] timely Rule 59(e) motion tolls the time for filing a notice of appeal from a district court judgment.... A notice of appeal filed while a timely Rule 59(e) motion is pending is ineffective to confer jurisdiction on a court of appeals." Id. (citation omitted).
 
 
 5
 The Rule 59(e) motion in this case was timely. The notice of appeal was filed while that motion was pending and the district court has not yet ruled on it.[1] Accordingly, we lack jurisdiction over this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 FN1
 A premature notice of appeal may ripen and save the action if the "district court has adjudicated all remaining outstanding claims before this appellate court acts to dismiss the appeal." Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988) (en banc). However, the district court has not done so in this case and the holding in Lewis is therefore inapplicable