941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald G. SWORD, Petitioner-Appellant,
v.
Duane SHILLINGER, and the Attorney General of the State of
Wyoming, Respondents-Appellees.
 No. 91-8018.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 This is an appeal by Donald G. Sword (Sword), appearing pro se, from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court, following a telephonic hearing during which Sword, incarcerated in the Wyoming State Penitentiary, was represented by appointed counsel, found that no errors of federal constitutional magnitude had occurred during Sword's trial and that the state proceedings were not fundamentally unfair. While we shall not specifically address these issues, our review of the record and the briefs leads us to conclude that the district court did not err in its findings/conclusions. However, we shall not address the merits because we conclude that we lack jurisdiction to consider this appeal.
 
 
 2
 The district court entered its detailed "Order Dismissing Petitioner's Petition for a Writ of Habeas Corpus (With Findings)" on March 27, 1991. On April 2, 1991, Sword, appearing pro se, filed two documents. One entitled "Notice of Appeal" bears the clerk's entry at 2:29 p.m. The other document, entitled "Motion for Reconsideration and Reinstatement of Petition," bears the clerk's entry at 2:30 p.m. The crux of the motion was that petitioner was entitled to an in-court evidentiary hearing and the opportunity to call witnesses. The district court denied the motion on April 15, 1991. Sword did not file a new notice of appeal at any time thereafter.
 
 
 3
 Fed.R.App.P. 4(a)(1) requires that a party must file a notice of appeal within thirty days of the entry of judgment. However, Fed.R.App.P. 4(a)(4) provides that if a timely motion under the Federal Rules of Civil Procedure (Rules 50(b), 52(b) or 59) is filed by any party, the time for appeal shall run from the entry of the order granting or denying the motion. We construe Sword's "Motion for Reconsideration and Reinstatement of Petition" as a motion for rehearing. Pertinent here is the following language from Fed.R.App.P. 4(a)(4):
 
 
 4
 A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.
 
 
 5
 Thus, a new notice of appeal had to be filed by Sword following the district court's April 15, 1991, order denying his "Motion for Reconsideration and Reinstatement" in order to vest jurisdiction in this court of the appeal. The time periods set forth in Fed.R.App.P. 4(a) are " 'mandatory and jurisdictional.' " Browder v. Department of Corrections, 434 U.S. 257, 264 (1978), quoting United States v. Robinson, 361 U.S. 220, 229 (1960) (involving a habeas corpus proceeding pursuant to 28 U.S.C. § 2254). See also Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir.1990); Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.), cert. denied, 419 U.S. 997 (1974). In Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir.1989), we observed that a motion to reconsider a decision on the merits will be considered to fall under Fed.R.Civ.P. 59(e), thus triggering the requirements of Fed.R.App.P. 4(a)(4), resulting in this holding:
 
 
 6
 Because the ... notice of appeal is a nullity, and because appellants failed to file a separate notice of appeal after the district court denied appellees' Rule 59(e) motion, this appeal must be dismissed for lack of appellate jurisdiction.
 
 
 7
 Id. at 754.
 
 
 8
 This court has held that a post-judgment motion filed within ten days of a final judgment should, where possible, be construed as a rule 59(e) motion to alter or amend the judgment. Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir.1988); Venable v. Haislip, 721 F.2d 297, 299 (10th Cir.1983).
 
 
 9
 While pro se pleadings by prisoners must be liberally construed without regard to technicalities, see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir.1985), Hughes v. Rowe, 449 U.S. 5, 9 (1980), this court did not treat a scenario quite similar to that presented in the case at bar as coming within the purview of the liberality rule. In Skagerberg v. Oklahoma, 797 F.2d 881 (10th Cir.1986), a state habeas corpus petitioner, appearing pro se, filed a single document denominated "Motion for Rule 60 Relief, or Appeal" following the district court's order denying § 2254 relief. The court held:
 
 
 10
 Although petitioner stated in his alternative motion/notice of appeal document that he sought Rule 60 relief, petitioner's characterization is not controlling. Rather, regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).... Petitioner's motion/notice of appeal, which was served within ten days of the district court's denial of the § 2254 petition for a writ of habeas corpus, questioned the correctness of the district court's dismissal of his action. Consequently, petitioner's mischaracterized motion for Rule 60 relief should have been construed as a timely Rule 59(e) motion. Venable, 721 F.2d at 299.
 
 
 11
 Under Rule 4(a)(4), a timely Rule 59(e) motion tolls the time for filing a notice of appeal from a district court judgment. Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.), cert. denied, 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982). A notice of appeal filed while a timely Rule 59(e) motion is pending is ineffective to confer jurisdiction on a court of appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Likewise, a notice of appeal filed before a timely Rule 59(e) motion is also ineffective to confer jurisdiction. Id.
 
 
 12
 Accordingly, we conclude that when a timely Rule 59(e) motion and a notice of appeal are combined in one document the notice of appeal is premature and has no effect. See Portis v. Harris County, Texas, 632 F.2d 486 (5th Cir.1980).... After receiving a ruling on the timely motion, the appellant is required to file a new notice of appeal in accordance with Fed.R.App.P. 4(a)(1).
 
 
 13
 797 F.2d at 882-83.
 
 
 14
 Appellant Sword argues that Skagerberg, supra, does not apply here. He first contends that under Haines v. Kerner, 404 U.S. 519 (1972), a pro se complainant is held to less stringent pleading standards than those drafted by lawyers. He does not explain, however, how Haines v. Kerner applies here. This case does not involve any problem of inartful pleading. Thus, the rule of liberality has no application. Sword also argues that appellees' reliance on Skagerberg is misplaced because in that case the Rule 59(e) motion and the notice of appeal were combined in one document whereas in the instant case Sword submitted two distinct and separate documents. This argument is without merit. Even though the Rule 59(e) motion was filed in the same document as the notice of appeal in Skagerberg, this court treated it as tolling the time for filing a notice of appeal, in that there could be no appellate jurisdiction until the district court ruled on the Rule 59(e) motion and then only after a new notice of appeal was filed. In the instant case, the filing records reflect that Sword's Rule 59(e) motion for Reconsideration and Reinstatement was filed one minute after his Notice of Appeal, thus rendering the Notice of Appeal moot.
 
 
 15
 We have before us petitioner Sword's "Motion for Production of the Transcript at Government Expense." The motion is denied.
 
 
 16
 The notice of appeal was not timely filed. This court is without jurisdiction to entertain or consider this appeal.
 
 
 17
 The appeal is DISMISSED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3