992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: ARTHUR LAWRENCE GARCIA, also known as Art Garcia,
doing business as Hope Enterprises, doing business as
H.O.P.E. Syndicate; and HOPE CLEOTILDE GARCIA, doing
business as Hope Enterprises, doing business as H.O.P.E.
Syndicate, Debtors.
RICHARD O. GRIMES, Appellant,
v.
ARTHUR LAWRENCE GARCIA and HOPE CLEOTILDE GARCIA, Appellees.
 No. 92-1389.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 ORDER AND JUDGMENT*
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 
 1
 This matter arises from an order of the district court dismissing a bankruptcy appeal for failure to timely invoke the district court's appellate jurisdiction. Despite appellant's claim he was not at fault, we affirm.
 
 
 2
 Appellant Richard O. Grimes, acting pro se, attempted to appeal an order of the bankruptcy court assessing sanctions against him in connection with a complaint he filed in that court. The sanctions order was entered on August 20, 1991.
 
 
 3
 On August 28, 1991, Mr. Grimes filed a document entitled "Plaintiff's Motion for Reconsideration on Attorney Fees" in which he challenged the basis for the bankruptcy court's award of sanctions. That motion was denied on September 3, 1991.
 
 
 4
 Thereafter, Mr. Grimes filed two documents directed to the order denying the motion for reconsideration. The first, filed on September 24, 1991, rearguing the issue of reconsideration, was denominated "Motion for Appropriate Orders." The second, filed on October 2, 1991, is not labeled, but it advises the bankruptcy court that "the last decree intended to be final [the order denying reconsideration] takes [sic] 16 days to reach me because it is [sic] mailed to the wrong address...." After denial of the September 24 and October 2 motions, Mr. Grimes filed a notice of appeal on October 18, 1991.
 
 
 5
 Upon motion of the appellee, the district court dismissed the appeal. The court determined the notice of appeal filed on October 18, 1991, was untimely. We agree.
 
 
 6
 To perfect an appeal from the bankruptcy court to the district court, a notice of appeal must be filed within ten days of the entry of the judgment appealed. Fed.R.Bky.P. 8002(a). When considering the timeliness of a notice of appeal, we have said "regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). Skagerberg v. State of Okla., 797 F.2d 881, 883 (10th Cir.1986). A mischaracterized motion of such a nature will toll the time for fling a notice of appeal. Id. Rule 9023 of the Fed.R.Bky.P. specifically adopts and makes applicable Rule 59. Thus, the time for the notice of appeal in this case did not begin to run until September 3, 1991, the day on which the motion for reconsideration was denied, making the notice due September 13, 1991. Fed.R.Bky.P. 8002(b).
 
 
 7
 Mr. Grimes claims, however, he did not get notice of the denial of the motion for reconsideration within time to file a notice of appeal. He filed no affidavit supporting this claim, however, and he made no other showing in either the bankruptcy or district court of the date upon which he received the dismissal order. Although he could have filed a motion for extension of time for appeal claiming excusable neglect under Fed.R.Bky.P. 8002 and thus could have obtained an additional twenty days for the filing of the notice of appeal, he did not do so. Instead, he chose to file two papers neither provided for nor recognized in any fashion by the Rules of Bankruptcy Procedure.
 
 
 8
 Mr. Grimes claims he is the victim of an oversight by the Clerk of the Bankruptcy Court who allegedly failed to send him timely notice of the denial of his motion for reconsideration. It clearly appears from the record, however, Mr. Grimes ultimately received that notice well within the time to cure the alleged defect. Having chosen a route not provided by the rules of procedure, and having failed properly to invoke the jurisdiction of the district court, Mr. Grimes cannot complain that he is the victim of injustice.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3