# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2013

Lyle W. Cayce
Clerk

No. 12-60563
Summary Calendar

PAUL EVANS,

Plaintiff-Appellant

v.

BRENDA SIMS; MARSHALL TURNER; RONALD KING,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:11-CV-7

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Paul Evans, Mississippi prisoner # K9280, brought this civil action against the defendant prison authorities, Brenda Sims, Marshall Turner, and Ron King, alleging that they violated his federal constitutional rights when they strip-searched him. *See* 42 U.S.C. § 1983. The district court granted summary judgment to the defendants on April 19, 2012. Evans moved for reconsideration under Federal Rule of Civil Procedure 59(e) on May 7, 2012. The district court overruled that motion on June 7, 2012. According to his certificate of service,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Evans filed a notice of appeal on July 11, 2012, at the earliest.  On that same date, Evans moved for permission to proceed in forma pauperis (IFP) on appeal. The district court denied the IFP motion, stating that the period in which to file an appeal had expired.  The district court determined that Evans's appeal was not in good faith under 28 U.S.C. § 1915(a)(3).

Evans now moves in this court for leave from to appeal IFP.  As a threshold matter, we must determine whether Evans filed a timely notice of appeal.  *See Bowles v. Russell*, 551 U.S. 205, 206-07 (2007).  Evans had 30 days after April 19, 2012, to file a notice of appeal from the judgment dismissing his complaint.  *See* FED. R. APP. P. 4(a)(1)(A); FED. R. CIV. P. 6(a).  He instead filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e), which tolled the running of time for filing a notice of appeal from the judgment of dismissal.  *See* FED. R. CIV. P. 4(a)(4)(A); *Fischer v. United States*, 759 F.2d 461, 464 (5th Cir. 1985).  Therefore, the 30-day period for filing a notice of appeal from the April judgment of dismissal did not begin to run until the district court denied Evans's Rule 59(e) motion on June 7, 2012.  *See* FED. R. CIV. P. 4(a)(4)(A).

The notice of appeal filed by Evans on July 11, 2012, was untimely. Because the district court entered its order denying reconsideration on June 7, 2012, Evans was required to file his notice of appeal no later than Monday, July 9, 2012.  *See* FED. R. CIV. P. 6(a)(1).  Evans fails to provide either argument or authorities to show that his notice of appeal was timely filed.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  We have no jurisdiction. Consequently, we dismiss his appeal for lack of jurisdiction.  *See Bowles*, 551 U.S. at 206-07.

IFP MOTION DENIED; APPEAL DISMISSED FOR LACK OF JURISDICTION.