# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50083

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2017

Lyle W. Cayce
Clerk

SCOTT W. GRAVES,

Plaintiff-Appellant

v.

GUADALUPE VALLEY REGIONAL MEDICAL CENTER,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-1017

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Scott W. Graves moves for leave to proceed in forma pauperis (IFP) in appealing the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Graves alleged that the defendant provided inadequate medical care in treating him for a gunshot wound to the head and releasing him in the custody of police.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50083

As a threshold matter, this court must determine whether it has jurisdiction to entertain the appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is mandatory and jurisdictional in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Graves's notice of appeal, which we consider filed no earlier than the date he signed it on January 23, 2017, is untimely from the district court's November 17, 2016, order denying Graves's motion to amend his complaint. *See* FED. R. APP. P. 4(a)(1)(A) (a party must file a notice of appeal in a civil case within 30 days of the order or judgment). There is no basis to construe his notice of appeal as a motion for extension of time under Federal Rule of Appellate Procedure 4(a)(5). Moreover, his IFP motions are not the substantial equivalent of a notice of appeal for purposes of invoking appellate jurisdiction. *See Fischer v. U.S. Dep't of Justice*, 759 F.2d 461, 464 (5th Cir. 1985).

Accordingly, this appeal is dismissed for lack of jurisdiction, and the motion to appeal IFP is denied is as moot. *See Bowles*, 551 U.S. at 214. APPEAL DISMISSED; MOTION DENIED AS MOOT.