# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2021

Lyle W. Cayce
Clerk

No. 20-50647

RUDOLPH RESENDEZ, JR.,

*Plaintiff—Appellant*,

*versus*

GREG ABBOTT, *Governor of the State of Texas*; BOBBY LUMPKIN, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*; PHONSO J. RAYFORD, *Warden of Connally Unit*; VERNET DAVIS, *Major of Connally Unit*; LARISSA WYSOCKI, *Major of Connally Unit*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-833

---

Before JONES, COSTA, and WILSON, *Circuit Judges.*

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50647

Rudolph Resendez, Jr., Texas prisoner # 896768, filed a 42 U.S.C. § 1983 complaint that the district court dismissed without prejudice under 28 U.S.C. § 1915(g). Resendez then filed a document that he entitled, "Notice of Appeal and or to Reinstate for Rule 59 New Trial."

"This [c]ourt must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "A document filed in the period prescribed by FED. R. APP. P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the document clearly evinces the party's intent to appeal." *Mosley*, 813 F.2d at 660 (internal quotations marks and citations omitted); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("notice of appeal must specifically indicate the litigant's intent to seek appellate review").

A motion for reconsideration that seeks an appeal alternatively to postconviction relief does not clearly indicate the intent to appeal. *See Mosley*, 813 F.2d at 660. Because the primary relief Resendez sought was relief in the district court under Federal Rule of Civil Procedure 59(e), he referenced an appeal only as an alternative, and he did not indicate that he was seeking an appeal in the Fifth Circuit, his motion was insufficient to constitute a notice of appeal. *See id.*; FED. R. APP. P. 3(c)(1)(C).

Although Resendez later filed a motion for leave to proceed in forma pauperis that could be construed as a notice of appeal, *see Fischer v. U.S. Dep't of Just.*, 759 F.2d 461, 464 & n.2 (5th Cir. 1985), it cannot become effective as such until the district court rules on the outstanding Rule 59(e) motion, *see* FED. R. APP. P. 4(a)(4)(B)(i); *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994). We therefore REMAND this case to the district court for the limited purpose of ruling on the pending Rule 59(e) motion. We hold the appeal in

No. 20-50647

abeyance until the notice of appeal becomes effective, and we retain jurisdiction over the appeal except for the purposes of the limited remand.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.