United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-10151

(Summary Calendar)

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN R HASSELL; ET AL,

Defendants.

MELVIN R HASSELL

Defendant-Appellant

———————————————————————————————————

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:02-CV-112-G

———————————————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

————————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Pro se appellants Melvin R. Hassell and Nelda Jo Hassell ("the Hassells") appeal from the district court's entry of default judgment against them and from the denial of their motions to set aside the default judgment. The United States filed suit against the Hassells to collect income taxes assessed on the Hassells, to set aside as fraudulent the conveyance of their residence to Summit Christian Academy, to foreclose the tax liens on the property and to obtain judgment for any balance remaining after the foreclosure sale. The district court extended the time for the Hassells to file an answer. On that date, the Hassells filed three non-responsive documents with the court. The district court stated that the Hassells appeared to be in default and allowed them an extension to file an answer within the contemplation of FED. R. CIV. P. 7(a) and 8(b). The court also ordered that in the absence of a timely answer the Government should move for default judgment. Two days after the second extended deadline passed, the Hassells moved for a third extension to file an answer. The district court granted the request, but ordered that the document filed by the Hassells must be an answer to the Government's complaint within the contemplation of Rules 7(a) and 8(b). On the deadline for the third extension for filing an answer, the defendants filed a motion to dismiss claiming lack of jurisdiction. The government then filed a motion for a clerk's entry of default and motion for default judgment. The clerk's entry of default was issued on August 12, 2002. The district court then denied the Hassells' motion to dismiss. On September 5, 2002, the district court entered a default judgment against the Hassells.

On September 9, the Hassells moved to set aside the default judgment on the basis that they filed a bankruptcy petition on August 26, 2002, and accordingly the default judgment was void by operation of the bankruptcy stay under 11 U.S.C. § 362. The bankruptcy court then retroactively annulled the automatic stay so as not to impede the default judgment. On December 4, 2002, after

-2-

being informed of the bankruptcy court's order, the district court denied the Hassells' motion to set aside the verdict. On the same day, an attorney appearing on behalf of the Hassells filed a motion for leave to amend their motion to set aside the default judgment and a motion for leave to file an answer. On January 9, 2003, these motions were denied. On February 7, 2003 Melvin R. Hassell ("Mr Hassell") filed a notice of appeal.

Mr. Hassell subsequently filed a motion to add his wife to the prior notice of appeal *nunc pro tunc*. The motion was carried with the case, and is now GRANTED.

As an initial matter, the appeal is not timely as to the entry of the default judgment and the motion to set aside the default judgment. *See* FED. R. APP. P. 4. This Court thus has no jurisdiction over those issues. *See Dison v. Whitley*, 20 F.3d 185, 186 (5th Cir. 1994) ("A timely filed notice of appeal is a jurisdictional prerequisite to our review."). Accordingly, these claims are DISMISSED for lack of jurisdiction. *See Portis v. Harris County, Tex.*, 632 F.2d 486, 487 (1980). The Hassells' appeal of their motion to set aside the default judgment and motion for leave to file an answer are timely. *See* FED. R. APP. P. 4. This Court reviews a refusal to reopen a default judgment for abuse of discretion. *Federal Savings & Loan v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

The Hassells assert that the automatic stay provision provided good cause for their procedural default. *See* FED. R. CIV. P. 55(c) (allowing judgements of default to be set aside in accordance with rule 60(b)). The Hassells offer no legal support for this proposition. This argument is thus inadequately briefed and accordingly is waived. *See Nichols v. Scott*, 69 F. 3d 1255, 1287 n.67 (5th Cir. 1995); FED. R. APP. P. 28(a)(4). Even if this argument was not waived, it is without merit. The automatic stay provision was triggered by the filing of the bankruptcy petition on August

26, 2002.  *See* 11 U.S.C. §362.  The Hassells' third extended deadline for submitting an answer to the Government's complaint was August 5, 2002.  Clearly, the subsequent stay could not constitute good cause for the default.

The Hassells next argue that there was good cause to set aside the default judgment because after denying their motion to dismiss the district court failed to give the Hassells a particularized statement of deficiencies and an opportunity to cure these defects.  The Hassells had already been given an opportunity to cure the defects and file an answer that complied with the federal rules.  They did not do so.  The district court is not required to allow a pro se litigant to cure defects ad infinitum.  Accordingly, it was not an abuse of discretion for the district court to deny the Hassells' motion to amend their motion to set aside the default judgment and their motion to file an answer.  The denial of the motion to amend the motion to set aside the default judgment and the motion to file an answer is AFFIRMED.

The motion to add Nelda Jo Hassell to the notice of appeal is GRANTED.  The appeals of the default judgment and the motion to set aside the default judgment are DISMISSED for lack of jurisdiction.  In all other respects, the judgment of the district court is AFFIRMED.