T.C. Memo. 2006-196

UNITED STATES TAX COURT

MELVIN RAY HASSELL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6074-05L.          Filed September 11, 2006.

Melvin Ray Hassell, pro se.

Meredyth A. Purdy, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner Melvin Ray Hassell (petitioner or Mr. Hassell) resided in Irving, Texas, at the time he filed the petition in this case.

On November 23, 1981, February 7, 1983, February 27, 1984, March 25, 1985, and December 9, 1985, petitioner and Nelda Hassell (Ms. Hassell) jointly filed Form 1040, U.S. Individual Income Tax Return (Form 1040), for each of their taxable years 1980, 1981, 1982, 1983, and 1984.[2]

Respondent issued a notice of deficiency to petitioner with respect to his taxable years 1980 through 1984. Petitioner filed a petition with the Court with respect to that notice. (We shall refer to the case at docket No. 19885-89 that petitioner commenced when he filed the petition with respect to his taxable years 1980 through 1984 as petitioner's Tax Court case.)

On September 20, 1990, the Court entered a decision in petitioner's Tax Court case. That decision provided:

> Pursuant to agreement of the parties in this case, it is

---

[2]This case involves only petitioner, and not Ms. Hassell. For convenience, hereinafter we shall sometimes refer only to petitioner or Mr. Hassell, and not to petitioner or Mr. Hassell and Ms. Hassell.

ORDERED AND DECIDED: That there are deficiencies in income taxes due from the petitioners [Mr. Hassell and Ms. Hassell] as follows:

<u>Deficiencies</u>

| Taxable Year | Income Tax | Additions to the Tax | | |
|---|---|---|---|---|
| | | § 6653(a) | § 6651 | § 6661 |
| 1980 | $18,642.64 | none | none | none |
| 1981 | $18,493.26 | none | $2,638.84 | none |
| 1982 | $23,411.00 | none | $1,510.00 | $5,853.00 |
| 1983 | $ 8,257.00 | $ 474.55 | $1,684.20 | $2,064.00 |
| 1984 | $37,344.50 | $1,867.23 | none | $9,336.00 |

That there are additions to the tax due from the petitioners for the taxable years 1983 and 1984, under the provisions of I.R.C. § 6653(a)(2), equal to 50 percent of the statutory interest due on $8,257.00 and $37,344.50 from April 15, 1984 and April 15, 1985, respectively, to the date of assessment of tax, or, if earlier, the date of payment, and

That the entire deficiencies in income tax due from the petitioners for the taxable years 1980, 1981, 1982 and 1984 are substantial underpayments attributable to tax motivated transactions for the purpose of computing interest payable with respect to such amounts, pursuant to I.R.C. section 6621(c), formerly section 6621(d).

As reflected in petitioner's individual master file literal transcript (literal transcript) with respect to petitioner's Form 1040 and certain other information for each of his taxable years 1980 through 1984, on various dates (respective assessment dates) respondent assessed petitioner's Federal income tax (tax), as well as any additions to tax and interest as provided by law, for each such year.

On November 22, 1993, petitioner and Ms. Hassell jointly filed Form 1040 for their taxable year 1992 (1992 return). In

that return, petitioner and Ms. Hassell showed total tax and tax due of $19,195. When petitioner and Ms. Hassell filed their 1992 return, they did not pay the tax shown due in that return.

On November 22, 1993, respondent assessed the tax of petitioner and Ms. Hassell, as well as additions to tax under sections 6651(a)(2) and 6654 and interest as provided by law, for their taxable year 1992.

On October 26, 1998, petitioner and Ms. Hassell jointly filed Form 1040 for their taxable year 1997 (1997 return). In that return, petitioner and Ms. Hassell showed total tax of $18,324 and tax due of $9,673.96. When petitioner and Ms. Hassell filed their 1997 return, they did not pay the tax shown due in that return.

On October 26, 1998, respondent assessed the tax of petitioner and Ms. Hassell, as well as additions to tax under sections 6651(a)(2) and 6654 and interest as provided by law, for their taxable year 1997.

On January 15, 2002, the United States of America (United States) commenced an action (District Court proceeding) against Mr. Hassell and Ms. Hassell in the U.S. District Court for the Northern District of Texas (District Court). In the District Court proceeding, the United States sought, inter alia, to reduce to judgment the tax liabilities of Mr. Hassell and Ms. Hassell for their taxable years 1980 through 1984 and 1992.

On August 26, 2002, Mr. Hassell and Ms. Hassell filed a petition with the U.S. Bankruptcy Court for the Northern District of Texas (Bankruptcy Court) under Chapter 11 of Title 11 of the United States Code (Chapter 11).[3]

On September 5, 2002, the District Court entered a default judgment (District Court judgment) against Mr. Hassell and Ms. Hassell in the District Court proceeding. That default judgment provided in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that the Court finds that Defendants Melvin R. Hassell and Nelda J. Hassell [Mr. Hassell and Ms. Hassell] are jointly and severally indebted to the United States in the amount of **$804,558.41**, for their unpaid federal income (1040) taxes for tax years 1980, 1981, 1982, 1983, 1984, and 1992, plus additional interest and statutory additions thereon as provided by law from October 5, 1998 until paid.

On September 16, 2002, Mr. Hassell and Ms. Hassell commenced a so-called adversary proceeding (adversary proceeding of Mr. Hassell and Ms. Hassell) in the Bankruptcy Court against the United States. In that proceeding, Mr. Hassell and Ms. Hassell sought a determination with respect to the validity, priority, and extent of certain liens.

---

[3]On Oct. 21, 2002, the proceeding that Mr. Hassell and Ms. Hassell commenced in the Bankruptcy Court under Chapter 11 was converted to a proceeding under Chapter 7 of Title 11 of the United States Code (Chapter 7). (We shall refer to the proceeding that Mr. Hassell and Ms. Hassell commenced in the Bankruptcy Court, as converted to a proceeding under Chapter 7, as Mr. Hassell's bankruptcy case.)

On October 1, 2002, the Internal Revenue Service (IRS) filed a proof of claim (IRS's proof of claim) against Mr. Hassell and Ms. Hassell in Mr. Hassell's bankruptcy case for $903,599 with respect to their taxable years 1980 through 1984, 1992, and 1997. On October 17, 2002, Mr. Hassell and Ms. Hassell filed an objection to the IRS's proof of claim.

On October 21, 2002, the Bankruptcy Court entered an order in Mr. Hassell's bankruptcy case that, inter alia, found Mr. Hassell to be "a **'vexatious litigator'** - a person who files frequent, unmeritorious lawsuits without proper investigation or legal basis and for improper purposes."

On February 7, 2003, Mr. Hassell filed a notice of appeal (notice of appeal) with the U.S. Court of Appeals for the Fifth Circuit (Fifth Circuit)[4] with respect to the District Court judgment.[5]  On December 2, 2003, the Fifth Circuit affirmed the District Court judgment. United States v. Hassell, 82 Fed. Appx. 372 (5th Cir. 2003).

---

[4]Sometime after Feb. 7, 2003, Mr. Hassell filed a motion with the Fifth Circuit to add Ms. Hassell to the notice of appeal nunc pro tunc.  The Fifth Circuit granted that motion.

[5]In the District Court judgment, as discussed above, the District Court found that Mr. Hassell and Ms. Hassell were jointly and severally indebted to the United States in the amount of $804,558.41 for their unpaid taxes with respect to their taxable years 1980 through 1984 and 1992, as well as additional interest and statutory additions thereon as provided by law, from Oct. 5, 1998, until paid.

On February 28, 2003, the IRS commenced a so-called adversary proceeding (adversary proceeding of the IRS) with the Bankruptcy Court.  In that proceeding, the IRS sought a determination with respect to the dischargeability of the liabilities of Mr. Hassell and Ms. Hassell for their taxable years 1980 through 1984, 1992, and 1997.

On December 16, 2003, the Bankruptcy Court entered a final judgment against Mr. Hassell and Ms. Hassell with respect to both the adversary proceeding of Mr. Hassell and Ms. Hassell and the adversary proceeding of the IRS (Bankruptcy Court's final judgment with respect to the adversary proceedings).  That judgment provided in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtors' [Mr. Hassell's and Ms. Hassell's] federal income (1040) tax liabilities for tax years 1980, 1981, 1982, 1983, 1984, 1992, and 1997 are non-dischargable under 11 U.S.C. § 523(a)(1)(C), because the summary judgment record more than establishes that the Debtors have "willfully attempted in any manner to evade or defeat" their tax obligations to the United States.

> IT IS ORDERED, ADJUDGED AND DECREED that the Debtors Melvin Ray Hassell and Nelda Jo Hassell are indebted to the United States of America (Internal Revenue Service) in the amount of **$903,599.00**, plus interest thereon from August 26, 2002 (bankruptcy petition date) until paid, for their 1980-1984, 1992, and 1997 federal income (1040) taxes; however, the penalties and interest on such penalties included within this amount will be discharged under 11 U.S.C. § 523(a)(7) as to Debtors Melvin Ray Hassell and Nelda Jo Hassell if their general Chapter 7 discharge is

granted,[6] because they were imposed with respect to transactions or events that occurred more than three years before the filing of the petition. * * *

On December 24, 2003, Mr. Hassell and Ms. Hassell filed a notice of appeal with the District Court regarding the Bankruptcy Court's final judgment with respect to the adversary proceedings. On November 30, 2004, the District Court affirmed that final judgment.

On February 12, 2004, the Bankruptcy Court entered findings of fact and conclusions of law with respect to a motion that the United States filed in Mr. Hassell's bankruptcy case requesting relief from the automatic stay of 11 U.S.C. sec. 362. Those findings and conclusions stated in pertinent part:

> 6. Debtors [Mr. Hassell and Ms. Hassell] have for several years been involved in contentious litigation with the IRS. In this Court, the Debtors have been uncooperative in discovery, have launched personal attacks on government counsel, and have begun to advance theories of tax protest, questioning the federal income tax, the authority of the IRS to collect taxes, and the authority of a Department of Justice lawyer to represent the IRS. Those arguments are frivolous and have been rejected by this Court.
>
> *       *       *       *       *       *       *
>
> 4. The automatic stay of Section 362 will be lifted effective March 8, 2004. After that day the IRS may seek appropriate orders from Judge Fish to enforce the judgment [District Court judgment] obtained in his court.

---

[6]Mr. Hassell and Ms. Hassell were not granted a discharge under Chapter 7. On Sept. 3, 2004, the Bankruptcy Court dismissed Mr. Hassell's bankruptcy case.

On April 28, 2004, respondent filed notices of Federal tax lien with respect to petitioner's taxable years 1980 through 1984, 1992, and 1997. (We shall refer to the notices of Federal tax lien filed with respect to petitioner's taxable years 1980 and 1981 as the 1980 tax lien and the 1981 tax lien, respectively.)

On May 3, 2004, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to his taxable years 1980 through 1984, 1992, and 1997.

On May 25, 2004, the Bankruptcy Court entered an order in Mr. Hassell's bankruptcy case holding Mr. Hassell in civil contempt of court. That order provided in pertinent part:

> **IT IS ORDERED,** and the Court finds, that the Debtor Melvin Ray Hassell is in civil contempt of Court, for not complying with this Court's February 20, 2004 Order on United States' Motion to Strike, for Injunctive Relief, and Sanctions against Melvin R. Hassell, because after February 20, 2004, Mr. Hassell filed with this Court at least three pleadings wherein he attempted to relitigate his federal tax liabilities or to challenge the amount thereof.

On June 4, 2004, in response to the notice of tax lien, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached a document to his Form 12153 that is wholly irrelevant to the questions raised in respondent's motion.

On September 29, 2004, the District Court entered an injunction order against Mr. Hassell (District Court's September 29, 2004 injunction order) that provided in pertinent part:

> As a consequence of Hassell's non-compliance with prior court orders, a more expansive injunction is warranted.
>
> It is therefore **ORDERED** that the clerk of this court shall not accept from Melvin R. Hassell any pleadings or documents in this case, or in any other case filed or to be filed within this district, unless Hassell first obtains leave from this court to make such filing.
>
> It is further **ORDERED** that Melvin R. Hassell shall not file any pleadings or documents in this case or in any other case, including as yet unfiled lawsuits, either in federal court or any state court, unless he first obtains leave from this court to make such filing. * * *
>
> It is further **ORDERED** that should Melvin R. Hassell violate this order, then he may again be held in criminal contempt of court.[7]  [Fn. refs. omitted.]

The respective literal transcripts for petitioner's taxable years 1980 and 1981 that respondent sent to petitioner by cover letter dated February 2, 2005 (respondent's February 2, 2005 letter) reflect that, at least as early as January 10, 2005, petitioner did not have an unpaid liability with respect to his

---

[7]On Sept. 21, 2005, the District Court issued an order (District Court's Sept. 21, 2005 order) finding that Mr. Hassell (1) had willfully violated the District Court's September 29, 2004 injunction order by filing a suit in the District Court without first obtaining leave of the District Court and (2) was guilty of criminal contempt.  On Oct. 17, 2005, Mr. Hassell filed a notice of appeal with the Fifth Circuit with respect to the District Court's Sept. 21, 2005 order.  On Jan. 18, 2006, the Fifth Circuit dismissed that appeal for want of prosecution.

taxable year 1980 or 1981.

On January 7, 2005, respondent released the 1980 tax lien and the 1981 tax lien.

On or about January 19, 2005, petitioner sent a letter to Mark W. Everson, the Commissioner of the Internal Revenue (Commissioner). That letter contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On January 26, 2005, an Appeals officer with the Appeals Office held an Appeals Office hearing with petitioner with respect to the notice of tax lien.

On March 2, 2005, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

> **Summary of Determination**
> Appeals and the taxpayer did not reach an agreement.
> No relief was given for these periods [petitioner's
> taxable years 1980, 1981, 1982, 1983, 1984, 1992, and
> 1997]. The filing of the Notice of Federal Tax Lien is
> appropriate.

An attachment to the notice of determination (attachment to the notice) stated in pertinent part:

> **SUMMARY AND RECOMMENDATION**
>
> Melvin Hassell ("Taxpayer") requested a hearing with
> Appeals under the provision of IRC 6320 as to the
> appropriateness of Notice of Federal Tax Lien.

I recommend a determination letter be issued to the taxpayer sustaining the filing of Notice of Federal Tax Lien.  For the years 1980, 1981, and 1982[8] tax liability has been paid.

On January 26, 2005 this Appeals Officer conducted a Collection Due Process hearing with taxpayer at 4050 Alpha Road, Dallas, TX, a Federal building.  Taxpayer disputed the underlying liability but was advised Appeals would not consider the liability as an issue. During the Collection Due Process proceedings, taxpayer did not propose any acceptable collection alternatives.

The filing of Notice of Federal Tax Lien is appropriate.  Taxpayer had not paid the outstanding liability.

**DISCUSSION AND ANALYSIS**

1.  <u>Verification of legal and procedural requirements;</u>

IRC 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.  To be valid against third parties except other government entities, notice of the lien must be filed in the proper place for filing per IRC 6323(a) and (f). Transcript show that notices and demands was issued to the taxpayer.

Notice and demand as required by IRC 6321 for the balance owed was issued and forwarded via regular mail to the taxpayer's address.

The 30-day notice required under IRC 6331(d) has been sent via certified mail.

IRC 6320 as enacted by RRA '98 imposed Due Process provisions effective January 19, 1999.  IRS is required to give notice to taxpayers in writing within five days after the filing of a NFTL of the taxpayer's right to request a hearing with Appeals if the request is made during the thirty days following the end of the five

---

[8]The literal transcript for petitioner's taxable year 1982 that respondent sent to petitioner by respondent's February 2, 2005 letter reflects that, at least as early as Jan. 10, 2005, petitioner had an unpaid tax liability for his taxable year 1982 of 17 cents.

day notification period.  These time periods were met in this appeal.

IRC 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the NFTL or Notice of Intent to Levy at the hearing.

This Appeals Officer has had no prior involvement with respect to these appealed liabilities.

2.  <u>Issues raised by the taxpayer;</u>

**<u>Underlying liability or amount of liability</u>**

Taxpayer is disputing the tax liability.  In cases where the Department of Justice (DOJ) have previously reduced a liability to judgment Appeals has no authority to compromise a liability or reconsider the liability issue which includes taxpayer's challenge to the collection statute of limitations.  Further, Appeals does not have the authority to consider any offer involving the release of federal tax liens or withdrawals.  Accordingly, since DOJ has previously reduced this taxpayer's liability to judgment, Appeals does not have authority to consider the liability issue.

The underlying liability is sustained.

<u>Collection Alternatives</u>

Taxpayer did not propose any acceptable collection alternatives.  When the Notice of Federal Tax Lien was filed it was appropriate.  The liability was valid and outstanding.

3.  <u>Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.</u>

We believe the filing of the Notice of Federal Tax Lien balances the need for efficient collection of taxes with concerns that the collection action be no more intrusive than necessary.  [Reproduced literally.]

Petitioner filed a petition with the Court with respect to the notice of determination.  The petition contained statements,

contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On February 22, 2006, the Court issued an Order (Court's February 22, 2006 Order) in which, inter alia, the Court reminded petitioner about section 6673(a)(1) and admonished him as follows:

> In the event that petitioner advances frivolous and/or groundless statements, contentions, and arguments in petitioner's response to respondent's motion ordered herein * * * the Court will be inclined to impose a penalty not in excess of $25,000 on petitioner under section 6673(a)(1), I.R.C.

On March 8, 2006, petitioner filed a response to respondent's motion (petitioner's response). Petitioner's response contains statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On March 28, 2006, petitioner submitted three documents that the Court had filed as petitioner's supplement to petitioner's response (petitioner's supplement to petitioner's response). Petitioner's supplement to petitioner's response contains statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We

conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion for summary judgment.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

We turn first to petitioner's taxable years 1980 through 1984. Respondent issued a notice of deficiency to petitioner with respect to those years. Petitioner filed a petition with the Court with respect to that notice. On September 20, 1990, the Court entered a decision in petitioner's Tax Court case. That decision stated, inter alia, that there was a deficiency in petitioner's tax for each of his taxable years 1980 through 1984 and that there were certain additions to such tax for each such year except 1980.[9]

_____

[9]The IRS filed a proof of claim with respect to, inter alia, petitioner's taxable years 1980 through 1984. In addition to petitioner's having had the opportunity to dispute the determinations in the notice of deficiency that respondent issued to him with respect to his taxable years 1980 through 1984, which he did in petitioner's Tax Court case, as discussed below, petitioner was afforded an opportunity to dispute the underlying tax liabil-
(continued...)

We turn next to petitioner's taxable years 1992 and 1997. When a taxpayer has the opportunity to object to a proof of claim for an unpaid tax liability filed by the IRS in a taxpayer's bankruptcy action, the taxpayer is afforded an opportunity to dispute the liability within the meaning of section 6330(c)(2)(B). Kendricks v. Commissioner, 124 T.C. 69, 77 (2005). In the instant case, the IRS filed a proof of claim in Mr. Hassell's bankruptcy case with respect to, inter alia, petitioner's taxable years 1992 and 1997. Petitioner was af-forded the opportunity to file an objection to the IRS's proof of claim, and he did so. Accordingly, petitioner had the opportu-nity to dispute the respective underlying tax liabilities for his taxable years 1992 and 1997. Id.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner for abuse of discre-tion. Sego v. Commissioner, supra; Goza v. Commissioner, supra.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable years 1980 through 1984, 1992,

---

[9](...continued)
ities for those years when he had the opportunity to object to the IRS's proof of claim in Mr. Hassell's bankruptcy case. See Kendricks v. Commissioner, 124 T.C. 69, 77 (2005).

and 1997.[10]

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

In the Court's February 22, 2006 Order, the Court, inter alia, reminded petitioner about section 6673(a)(1) and admonished him that, in the event he were to advance frivolous and/or groundless statements, contentions, and arguments in his response to respondent's motion, the Court would be inclined to impose a

---

[10]The attachment to the notice stated in pertinent part:

I recommend a determination letter be issued to the taxpayer sustaining the filing of Notice of Federal Tax Lien. For the years 1980, 1981, * * * tax liability has been paid.

    *      *      *      *      *      *      *

* * * When the Notice of Federal Tax Lien was filed [with respect to petitioner's taxable years 1980, 1981, 1982, 1983, 1984, 1992, and 1997] it was appropriate. The liability was valid and outstanding.

After the notices of Federal tax lien with respect to petitioner's taxable years 1980 through 1984, 1992, and 1997 were filed and before the notice of determination was issued, the unpaid liability for each of his taxable years 1980 and 1981 was paid.

penalty not in excess of $25,000 on him under section 6673(a)(1). Despite the admonitions in that Order, (1) on March 8, 2006, petitioner filed petitioner's response that contains statements, contentions, arguments, and/or requests that we have found above to be frivolous and/or groundless, and (2) on March 28, 2006, petitioner filed petitioner's supplement to petitioner's response that contains statements, contentions, arguments, and/or requests that we have found above to be frivolous and/or groundless.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless statements, contentions, arguments, and/or requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $10,000.

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.