T.C. Memo. 2007-316

UNITED STATES TAX COURT

MARVIN SILVERMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13629-05L.                    Filed October 18, 2007.

Marvin Silverman, pro se.

Gavin L. Greene, for respondent.


MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]

---

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code.

## Background

At the time he filed the petition, petitioner resided in Beverly Hills, California.

On January 11, 1995, respondent mailed petitioner a notice of deficiency determining deficiencies and additions to tax for 1989 and 1990. On September 22, 2003, respondent mailed petitioner a notice of deficiency determining a deficiency and additions to tax for 1998. The record does not establish that petitioner received either notice of deficiency.

On June 29, 2001, petitioner filed a petition pursuant to chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. ch. 13, in the U.S. Bankruptcy Court for the Central District of California. In the bankruptcy case, respondent filed a proof of claim and multiple amended proofs of claim against petitioner regarding petitioner's assessed income tax liabilities for 1989, 1990, and 1998. On May 26, 2004, petitioner's bankruptcy case was dismissed.

On December 30, 2004, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing regarding petitioner's outstanding 1989, 1990, and 1998 income tax liabilities. On January 18, 2005, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request). Petitioner attached to the hearing

request a letter containing frivolous and groundless arguments. Petitioner did not propose any collection alternatives.

On April 11, 2005, Appeals Account Resolution Specialist Sophie Tittle sent petitioner a letter advising him that the issues he raised were frivolous or were issues that the Appeals Office does not consider.  Ms. Tittle scheduled a telephone conference for May 10, 2005.  Ms. Tittle reviewed petitioner's administrative file for 1989, 1990, and 1998 and confirmed that respondent had complied with all applicable laws and administrative procedures.  On May 10, 2005, Settlement Officer Lupe Silva called petitioner at the telephone number listed on petitioner's hearing request; however, the phone number no longer was in service.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding his 1989, 1990, and 1998 tax years.  In the notice of determination, respondent sustained the proposed collection action.

<u>Discussion</u>

I.  <u>Motion for Summary Judgment</u>

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact

and a decision may be rendered as a matter of law.  Rule 121(b);
Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd.
17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any
material fact and that a decision may be rendered as a matter of
law.

II.  Determination To Proceed With Collection

Section 6330(a) provides that the Secretary shall furnish
taxpayers with written notice of their right to a hearing before
any property is levied upon.  Section 6330 further provides that
the taxpayer may request administrative review of the matter (in
the form of a hearing) within a prescribed 30-day period.  Sec.
6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at
the section 6330 hearing any relevant issue with regard to the
Commissioner's collection activities, including spousal defenses,
challenges to the appropriateness of the Commissioner's intended
collection action, and alternative means of collection.  Sego v.
Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114
T.C. 176, 180 (2000).  If a taxpayer received a statutory notice
of deficiency for the years in issue or otherwise had the
opportunity to dispute the underlying tax liabilities, the
taxpayer is precluded from challenging the existence or amount of
the underlying tax liabilities.  Sec. 6330(c)(2)(B); Sego v.

Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

If Commissioner submits a proof of claim for unpaid Federal tax liabilities in a taxpayer's bankruptcy action, the taxpayer has had the opportunity to dispute the liabilities for purposes of section 6330(c)(2)(B).  See Kendricks v. Commissioner, 124 T.C. 69 (2005); Hassell v. Commissioner, T.C. Memo. 2006-196; Drake v. Commissioner, T.C. Memo. 2006-151; Sabath v. Commissioner, T.C. Memo. 2005-222.  In petitioner's bankruptcy proceeding, respondent submitted proofs of claim for petitioner's unpaid income tax liabilities for 1989, 1990, and 1998. Petitioner did not dispute these tax liabilities.  Accordingly, petitioner cannot challenge his underlying liabilities herein.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  See Rule 331(b)(4). Accordingly, we conclude that respondent did not commit any abuse of discretion, and we sustain respondent's determination to proceed with collection.

To reflect the foregoing,

An appropriate order and
decision will be entered.